PAUL S. RICHARDS & A. F. WILLARD, *Plaintiffs in Error*,

*vs.*

ELIHU SPERRY, *Defendant in Error.*

ERROR TO THE JEFFERSON COUNTY COURT.

Where men are engaged in the voluntary contribution of labor for the accomplishment of a common purpose, lawful in itself, if accident or injury happen, each can only be held liable for the want of ordinary care.

What constitutes ordinary care, must be determined with reference to the nature of the act done and the circumstances attending it.

Felling large trees, without giving timely notice of their fall, when others, besides those engaged in the act of cutting them, are near enough to be injured by their fall, may be gross negligence, such as to charge the parties guilty of it, but it is error to charge the jury, that any degree of negligence, however slight, of those lawfully engaged in the business, is sufficient to charge them.

When neighbors, voluntarily meet together, for the performance of work and labor, for a common object, without any common head or director, each is liable only for ordinary care in the performance of his respective part.

This suit was commenced before a justice of the peace of Jefferson county, for damages occasioned by the accidental falling of a tree by the plaintiffs in error, upon the oxen belonging to the defendant in error. The declaration was as follows : " That the defendants wrongfully chopped down a tree, and felled the same upon a yoke of oxen belonging to plaintiff, breaking the back of one, and greatly injuring the other, claiming $100 damages. To this, the defendants pleaded not guilty. The cause was tried below, by three different juries ; the first and second having disagreed, a third found a verdict for the plaintiff, and judgment was rendered for damages and costs. From

this judgment, an appeal was taken to the County Court.

On the trial before said court, it was proved by a witness who was present on the highway when the injury occurred, that the plaintiff was at the time engaged in drawing timber out to the road, with his oxen; which timber the defendants were chopping down; that these several acts complained of among others, were done, by the neighbors, who had voluntarily engaged on an agreed day, to bestow their several work and labor in the common cause of building and repairing a causeway, forming a part of a highway; that the work was of common interest to the neighhorhood and the public, and was undertaken and prosecuted by the voluntary contribution of the neighbors, of which number were the parties to this suit, and that they were acting under no public authority, and had no common head or director, but with a common design, to wit: the repairing of the road; and while so engaged, the injury complained of occurred.

Witness saw the defendants chopping down a tree, which was north of the place where the plaintiff was driving his oxen; heard Richards, one of the defendants, exclaim " take care, hold on," and upon look-up, witness saw the tree was falling, and Richards had his arm around it, endeavoring to prevent the tree from falling down; the oxen were going on, and the plaintiff ran back; the oxen were nearly or quite under the tree when it came down, and it struck one of them, breaking his back, as witness thinks, and knocking down the other. Witness thinks the damages amounted to $50. When the defendants were

Dec. Term
1853.
chopping, they stood with their backs towards the plaintiff.

Richards
& Willard
vs.
Sperry.
Another witness testified that he worked on the causeway at the time; that Sperry spoke to the men, and told them to fall the trees east and west; that Richards and Willard chopped down the tree in question; that there was no foreman or person who superintended the work, but all worked together. When plaintiff told them to fall the trees east and west, witness cannot say that Richards and Willard heard it.

Similar evidence was given by other witnesses, and plaintiff rested his cause. The defendants moved for a nonsuit, which was overruled by the court. They then called several witnesses, who testified to a similar state of facts, and gave some further explanations not materially affecting the question raised in the case, and the defendants rested. The court charged the jury as follows:

*First.* "That if the tree in its fall hit a stub or any inanimate object, it is no excuse to the defendants, nor does it in any way effect the responsibility or accountability to the plaintiff for the injury done, if the jury believe from the evidence, that an injury has been done wilfully or negligently."

*Second.* "That if the jury believe that the defendants understood the arrangement to fall the trees East and West, and the plaintiff had a right to be where he was, and the injury to defendants cattle was in consequence of the defendants changing the direction of the tree, so as to make it fall in a direction contrary to or different from the said arrangement and direction, they are responsible for the injury done, for

the reason that changing the direction of falling the tree without giving ample and timely notice, is of itself carelessness and negligence."

*Third.* "That if the jury believe that the defendants knew where plaintiff was driving his team and had been driving some time previous, and they were chopping a tree which if felled in the direction where he was and had been continually passing and would reach his cattle, they were bound to take good care, to see that the tree did not fall on the plaintiff's cattle, and so falling the tree as to do the injury complained of, is of itself evidence of that kind of negligence that will entitle the plaintiff to recover, especially if timely notice was not given."

*Fourth.* "If the jury believe that defendants knew where plaintiff was and had been at work with his team they were bound to take ordinary care to not fall any tree upon his oxen."

*Fifth.* "That if the jury believe, that under the arrangement made as to the direction of falling trees, if any such arrangement was made, that if the plaintiff had a right to be where he was, his being where he was is not evidence of that kind of carelessness or negligence which makes him a contributor to, or any way responsible for the injury done."

To all which charges and instructions the said defendants excepted.

The defendants counsel then prayed the court to charge the jury :

*First.* "That they must believe from the evidence that the injury complained of, was either the result of gross negligence on the part of the defendants ; or they must find for the defendants, unless they also find that the defendants committed the offence which

DEC. TERM
1853.

Richards
& Willard
rs.
Sperry.

caused the injury with the intention to commit a wrong."

*Second.* " That if the jury believe from the evidence that there was no gross negligence or carelessness on the part of the defendants, then and in that case, they must find for the defendants."

*Third.* " That if the jury believe from the evidence, that the plaintiff was the heedless instrument of his own injury, they must find for the defendants."

*Fourth.* " That if the jury believe from the evidence that the plaintiff and defendants were both employed in performing separate duties and service tending to the same end, and that the plaintiff while performing his own appropriate and peculiar duty was injured by the negligent act of the defendants in respect to their branch of the service, the plaintiff cannot recover ,unless the jury also believe from the evidence that the defendants wilfully committed the injury, all of which the said court declined. And the said defendants excepted, moved the court to set aside the verdict, and grant a new trial, which motion was duly submitted to and overruled by the court. To which decision of the court overruling said motion, the said defendants excepted.

*D. Noggle*, for the plaintiff in error, contended that the court erred in overruling the defendant's motion for a nonsuit, and cited the following authorities. 1 *Bing.* 300 ; 21 *Wend.* 615–624 ; 5 *Carr. & Payne*, 368 ; 4 *id.* 298 ; 6 *id.* 261 ; 12 *Pick.* 177 ; 3 *Mass.* 71 ; 11 *East.* 60 ; 1 *Cowen*, 78 ; 1 *Washburn*, 73 ; 19 *Wendell*, 399 ; 2 *Pick.* 621 ; 6 *Hill*, 593 ; 4 *Met.* 49.

*D. Hall*, for the defendant in error.

Dec. Term 1853.

Richards & Willard *vs.* Sperry.

If the defendant in error took a position of hazard, he only resumed the risk of unavoidable accident, and not the risk of negligence on the part of the plaintiff in error. 1 *Denio*, 91.

If the acts named in the instructions of the judge were not evidence of neglect, the court should not have permitted the testimony to be given upon them. 2 *Denio*, 451 ; 14 *John.* 307. Besides, courts will examine the general bearing of the instructions, and if correct, a general exception cannot be maintained. 5 *Denio*, 218 ; 5 *John.* 467 ; 8 *id.* 495 ; 20 *John.* 363.

An opinion of the court, though erroneous, if it can have no effect on the verdict, or is out of the case presented by the evidence, is no ground of reversal. 2 *Comstock*, 203 ; 2 *Hill*, 102 ; *id.* 210 ; 3 *Hill*, 213 ; 4 *id.* 392 ; 1 *Denio*, 574 ; 5 *id.* 218.

*By the Court,* WHITON, C. J.—It appears from the testimony returned with the bill of exceptions, that the parties to this suit and their neighbors, were engaged in repairing a highway ; that it became necessary to cut trees, with which to construct a causeway, and that while the plaintiffs in error were felling trees to be used in its construction, the defendant in error was hauling with his cattle those which had been cut, to the place where they were to be used.

While the parties were thus engaged, a tree which the plaintiffs in error were chopping, fell upon the cattle of the defendant in error, killing one, and greatly injuring another. A suit to recover the damage was brought by the defendant in error before a justice of the peace, and taken to the county court for Jefferson county by appeal, where the defendant in

Dec. Term
1853.

Richards
& Willard
vs.
Sperry.
error recovered a judgment. The plaintiffs in error seek to reverse the judgment for errors committed by the judge at the trial. The errors principally relied upon, are the refusal of the judge to give certain instructions to the jury, which were asked for by the plaintiffs in error.

The first instruction asked for is as follows : "That they (the jury) must believe from the evidence, that the injury complained of was either the result of gross negligence on the part of the defendants, or they must find for the defendants, unless they also find that the defendants committed the offence which caused the injury, with the intention to commit a wrong." The second one is as follows : " that if the jury believe from the evidence that there was nó gross negligence or carelessness on the part of the defendants, then and in that case, they must find for the defendants."

The fourth instruction is as follows : "that if the jury believe from the evidence, that the plaintiff and defendants were both employed in performing separate duties and service, tending to the same end, and that the plaintiff, while performing his own appropriate and peculiar duty, was injured by the negligent act of the defendants in respect to their branch of the service, the plaintiff cannot recover, unless the jury also believe from the evidence that the defendants wilfully committed the injury."

The judge refused to give the instructions asked, but gave the first and second, with the omission of the word "gross," and added a qualification to the third, which need not be noted.

We think the judge erred in refusing to give the first and second instructions applied for. As the

matter was left to the jury, they would infer that Dec. Term 1853.
any degree of negligence, however slight, would be
sufficient to charge the defendants, and we are of Richards & Willard vs. Sperry.
opinion that they should only be held liable for the
consequences of the want of ordinary care. The de-
fendants were engaged in a lawful employment, and
we see nothing in the circumstances of the case to jus-
tify the holding of them liable, if they used the same
degree of care which men commonly do, when en-
gaged in such employment under similar circum-
stances.  In all cases, what constitutes ordinary care,
must be determined with reference to the nature of
the act done, and the circumstances attending it.
Felling large trees, without giving timely notice of
their fall, when others beside those engaged in the
act of cutting them, are near enough to be injured by
it, may be gross negligence, such as would make those
guilty of it, liable for the damage, if injury should re-
sult; but the jury should not be charged, that any
degree of negligence, however slight, of those lawful-
ly engaged in such business, is sufficient to charge
them.

The judgment must be reversed, and a new trial
ordered.