# BENJAMIN F. LEET *v.* CHARLES L. WILSON AND G. S. FISKE.

NOTICE TO TESTIFY.—Where notice was given of a party's intention to testify in his own behalf, and the notice specified with sufficient particularity some points pertinent to the issues upon which he would give evidence, and also stated generally that he would testify to other facts relative to the issues, and on the trial a general objection was interposed to his giving any testimony under the notice—which objection was overruled, and the record does not set out the testimony ; *held*, that it will not be presumed that the party gave testimony on any matters except those particularly specified in the notice, and that the objection was properly overruled.

Leet *v.* Wilson *et al.*

OBJECTION TO WITNESS.—Under such notice a party has a right to testify on such matters as are specified in the notice, and a general objection to his giving testimony as a witness is not well taken.

ACTION FOR WORK AND LABOR.—In an action to recover the value of services, and work and labor performed under a contract, the plaintiff has the right to prove the value of the services of an assistant employed by him, and who performed the same work plaintiff contracted to do, unless it appears by the nature or terms of the employment that the services of a particular person were contracted for, and that no other person could, under the contract, fill the place of the employé.

OBJECTION TO EVIDENCE.—A general objection that evidence is inadmissible should be disregarded, as it amounts to no more than that the evidence is illegal. The grounds of an objection should be specified and fully pointed out.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The complaint averred that defendants were indebted to plaintiff in the sum of seven thousand six hundred and twelve dollars and sixty-five cents, for work, labor, care, and services done, performed, and rendered by plaintiff, in and about the business of defendants, from the 1st day of October, 1859, until the commencement of the suit, at the special instance and request of defendants.

The answer denied the allegations of the complaint.

The suit was commenced April 30th, 1861.

The principal items of labor and services which plaintiff proved on the trial, were for laying the railroad track of the California Central Railroad.

On the trial, plaintiff offered Montague as a witness to prove that he was employed by plaintiff as an assistant engineer, from January 1st, 1860, to May 16th, 1860, at one hundred dollars per month, and his expenses.

The referee allowed this demand, not as so much money paid to Montague, but as so much labor rendered by plaintiff, through his agent, Montague.

Plaintiff recovered judgment in the Court below, and defendants appealed.

The other facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellants.

The notice was defective. (*Bradley* v. *Kent*, 22 Cal. 169.)

*John G. Hyer*, for Respondent.

By the Court, RHODES, J.

On the trial of this cause before the referee, the plaintiff was examined as a witness in his own behalf. The defendant objected to his testifying on the ground that the notice was "vague and uncertain," that it did not "inform the defendants what facts or charges, claims, or indebtedness, the said witness is called to support," and was not in conformity to the statute of 1861. The objection was not taken to his testifying to any particular point, but was directed generally to his being permitted to give any testimony under the notice.

The record does not purport to set out any of his testimony, but states that the "referee overruled the said objections, and permitted the plaintiff to give material testimony in his own behalf." The complaint is simply the common count for work and labor, but on the demand of the defendants the plaintiff furnished a bill of particulars, setting forth the work performed by him on the railroad of the defendants, in laying the track, building and repairing the bridges, culverts, and cattle guards; in acting as the engineer, and repairing the grade; also the value of such labor. Portions of the services mentioned in the notice, in respect to which the plaintiff's testimony was to be taken, are evidently the same as those set forth in his bill of particulars, although set forth in a different form.

The notice is not as precise in all respects as it might be, but it describes the services as having been performed for the defendants in the construction of the railroad mentioned in the bill of particulars. It is not necessary to state in the notice that the party offering himself as a witness will give all the testimony that may be required to entitle him to recover upon the whole case, or upon any given point in the case, or that he will state all the facts in relation to any certain point. He may offer to prove by his testimony either the time, the place, the character, or the value of the performance of any work, and rely upon other testimony to prove

the other facts necessary to be proven in order to charge the opposite party.

The plaintiff offered his own testimony to prove the laying of the first six miles of the track, the manner of doing the work, the time employed therein, and the value of his services in performing the work; also his personal services in locating the line of the railroad, and the character, extent, and value of the services; also other facts connected with items stated in his bill of particulars. It was proper for him to give his testimony in relation to the facts above mentioned, and as the statement neither sets forth the testimony of the plaintiff nor the points about which he testified, it will not be presumed that he testified as to any facts not properly stated in the notice.

The objection to the testimony of Montague was not well taken. It was competent evidence for the plaintiff, under his item for services as engineer, for under that charge he was entitled to prove and recover for services, whether performed by himself, or an assistant, or both. Unless it appears by the nature or terms of the employment that the services of a particular person were contracted for, and no other person could under the agreement fill the place of the employé, he may, under the allegation of services performed by him, prove that they were performed by another person under him.

The referee has not allowed the plaintiff for his services and those of his assistant at the same time, but has allowed him for the services of only one person during the time that either he or his assistant was employed as an engineer.

The plaintiff's bill of particulars contains the following item: "I was compelled, in prosecuting said work, to employ from time to time a blacksmith; his time cannot be given, as his services were rendered as demanded; he was paid by me $75 37." This item, though not expressed with technical accuracy, is for the value of the services of the blacksmith while employed under the plaintiff, during the progress of his work for the defendants, and is not an item for money paid by the plaintiff for the use of the defendants, for the blacksmith is not alleged to have been in the employment of the

51

defendants, nor is it stated that the defendants were indebted to him, but he is directly alleged to have been employed by the plaintiff.

The evidence offered in support of the item is not set out in the statement, and the only reference thereto is as follows, " On the trial of the cause the plaintiff offered and proved by a witness that he paid and disbursed for defendants the sum of $75 37 to a blacksmith." The defendants objected to this evidence, on the grounds " that the complaint of the plaintiff set forth no such charge, and that the evidence was inadmissible ; " but the referee overruled the objection, and allowed the sum to the plaintiff, and in his report says :

" In addition to this, Leet claims a blacksmith's bill for seventy-five dollars and thirty-seven cents, paid for defendants. No doubt he paid for some blacksmithing, but from the loose manner of keeping the accounts, and the unsatisfactory character of the proof, I am in doubt about the amount. With some hesitancy I allow the charge, and add it to the amount of extra work."

Although the language of the report and the statement in respect to this item is very loose, there can be no doubt that the testimony of the witness was offered to prove the services of the blacksmith, and their value, as mentioned in the item of the bill under consideration, and not to prove that the plaintiff had paid money for the use of the defendants. The objection, therefore, to the evidence, on the ground "that the complaint of plaintiff set forth no such charge," was not well taken.

The further objection of the defendants, " that the evidence was inadmissible," was properly disregarded by the referee and the Court below. It amounted to no more than the assertion that the evidence was illegal. If admitted without objection, it would tend to prove the value of the services of the blacksmith ; but if the defendants wished to exclude such evidence, and force the plaintiff to prove the value of the services by calling witnesses who could testify to the real value of the services from their knowledge of their nature and

extent, the grounds of the objection should have been speci-
fied and fully pointed out. (*Dreux* v. *Domec*, 18 Cal. 89;
*Martin* v. *Travers*, 12 Cal. 243, and cases therein cited.)

Judgment affirmed.