. L. KEYS, Respondent, v. CHARLES A. GRANNIS,-
Appellant.

Where property is taken from the possession of a stranger to the suit, who claims
title by means of purchase from the defendant in such process, and such sale
is valid and good between the parties to it, but void only as to creditors, the
officer can justify the taking in such case only by showing that he represented
a creditor, and that the writ under which he seized that property was regularly
issued. As a general rule, process regular on its face and issued by a tribunal
or officer having authority to issue it, is sufficient to protect the officer,
although it may have been wrongfully issued. But when the officer attempts
to overthrow a sale by the debtor, on the ground that it was fraudulent
as to creditors, he must go back of his process and show the authority for
issuing it.

If however the sale by the debtor were simply colorable, or only a transfer of the
possession merely for concealment, with no intention of transferring the title,
the writ alone, if regular on its face and emanating from a tribunal having
jurisdiction of the subject matter, will be a full protection to the officer—an
action by one so holding possession of the debtor's property.

In pleading the judgment or other determination of a Court of limited jurisdiction,
it is made necessary by the Practice Act of this State to allege that such judg-
ment or determination was duly given or made.

Without such allegation in the pleading, proof of the judgment or proceedings of
such Court would be inadmissible.

Per Johnson, J., dissenting.

An objection to the introduction of evidence should specify specifically the ground
of objection; therefore, objecting to the introduction of evidence upon the
general ground of irrelevancy, in that it is inadmissible under the pleadings, is
not sufficiently specific.

Appeal from the District Court of the Third Judicial District,
Washoe County, Hon. C. N. Harris, Judge.

*Geo. A. Nourse*, for Appellant.

*Wallace & Flack*, for Respondent.

Opinion by Lewis, J., Beatty, C. J., concurring.

The complaint charges the defendant in this action with having
wrongfully and unlawfully seized and converted certain chattel
property belonging to the plaintiff, valued at seven hundred and
thirty-two dollars, and that thereby he the plaintiff was damaged
in the sum of one thousand dollars, for which sum judgment is
asked.

The defendant first denies unqualifiedly all the material allegations of the complaint, and then by way of justification avers that at the time of the alleged taking, the property claimed by plaintiff belonged to one Jerome W. Coffin: " That under and by virtue of a certain writ of attachment, issued on the seventh day of November, A.D. 1866, by the Justice of Peace of District No. 3, Washoe County, Nevada, directed to him the said defendant, then constable of District No. 3 aforesaid, commanding him the said defendant to attach the property of the said Coffin, and safely to keep the same; he the said defendant, constable as aforesaid, did upon the seventh day of November, A.D. 1866, in the County of Washoe aforesaid, levy upon and attach the same chattel property described by the said plaintiff, and so continued to hold the same up to the time of sale thereof as hereinafter set forth." It is further alleged that the property was afterwards sold under an execution issued from the said Court, but the defendant did not introduce the execution in evidence, nor rely upon it as a justification for the taking. This very singular pleading concludes with an allegation that the property in question was fraudulently transferred by Coffin, and taken by the plaintiff for the purpose of defrauding the creditors of the former.

Upon the trial the plaintiff proved in opening his case that he was in possession of the property at the time it was seized by the defendant; that he had purchased it from Jerome W. Coffin, paying him a valuable consideration therefor; that the defendant had taken it from his possession, and upon demand being made refused to return it; and also that the property was worth the sum of seven hundred and eighty dollars, thus making out a *prima facie* case against the defendant. The defendant therefore sought to justify the taking under a writ of attachment issued by a Justice of the Peace, the plaintiff objecting to the introduction in evidence of the papers and the record of proceedings in the case in which the writ was issued, urging among other objections that the answer was not sufficient to authorize their introduction; because it did not show that the Justice who issued the writ had authority to do so.

The Court below ruled out all the papers and the writ under which the defendant sought to justify. This ruling it is claimed is

erroneous, and is the principal ground relied on in this Court for a reversal of the judgment.

The first ·question presented for discussion in the case thus brought before this Court is: whether the papers offered in evidence by the defendant and rejected by the Court were necessary to establish his justification. If so, the inquiry as to whether the answer is sufficient to authorize their admission in evidence will then be a pertinent question for consideration.

That it was necessary at least to produce the writ under which the property was seized, and to show that the Justice had authority to issue it, we are fully convinced; whether it was necessary to go beyond that and show that the writ was regularly issued, depended entirely upon the character of the plaintiff's interest in or right to the property sought to be recovered by him.

When property is taken from the possession of a stranger to the writ, who claims title by means of purchase from the defendant in such process, and sale is valid and good between the parties to it, but void only as to creditors, the officer can justify the taking in such case only by showing that he represented a creditor, and that the writ under which he seized the property was regularly issued.

As a general rule, process regular on its face and issued by a tribunal or officer having authority to issue it, is sufficient to protect the officer, although it may have been irregularly issued. But when the officer attempts to overthrow a sale by the debtor on the ground that it was fraudulent as to creditors, he must go back of his process, and show the authority for issuing it. If he act.under an execution, he must show a judgment; and if he seizes under an attachment he must show the attachment regularly issued. (*Noble et al.* v. *Eastman,* 5 Hill. 195; *Thornburg* v. *Hand,* 7 Cal. 554.)

If however the sale by the debtor were simply colorable, or only a transfer of the possession merely for concealment, with no intention of transferring the title, the writ alone, if regular on its face and emanating from a tribunal having jurisdiction of the subject matter, will be a full protection to the officer in an action by one so holding possession of the debtor's property. (3 Starkie on Evidence, 1355; also *Thornburg* v. *Hand, supra.*)

To justify himself in any case whatever, therefore, the officer

must establish two facts: first, that his writ is regular on its face; and second, that the Court had authority to issue it. If the process issues from a Court of general jurisdiction, the authority to issue it would be presumed; but if from a tribunal or officer of special and limited powers, the authority must be shown by the officer.

And now as to the admissibility of the evidence offered by the defendant in justification of the taking and detention of the property in question.

As there is no presumption in favor of the authority or the regularity of the proceedings of Courts or officers of special and limited jurisdiction, it was formerly necessary, in pleading their judgments or orders, to show that they had jurisdiction, and that their proceedings were regular.

This common law rule of pleading is however very greatly modified in this State by Section 59 of the Practice Act, which declares that " in pleading a judgment or other determination of a Court or officer of special jurisdiction, it shall not be necessary to state the facts conferring the jurisdiction; but such judgment or determination may be stated to have been *duly* given or made. If such allegation be controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction."

As this section dispenses with very much that was required by the Common Law rule, and specifies what shall be sufficient as a substitute for it, that substitute ought, it would seem, to be strictly followed.

The allegation that the judgment or determination was duly given or made is a substitute for the lengthy and minute statement of the jurisdictional facts which were formerly required. To show the jurisdiction is as necessary under our practice as it ever was, the only change being in the manner of stating it. That the judgment was *duly given or made* is a concise mode of stating that the Court or officer had the proper jurisdiction, and that the judgment was regular, otherwise it would not be *duly made or given.*

Section 59 of the Practice Act is a liberal copy of Section 161 of the New York code of procedure, under which it has been held that in pleading the judgments of such Courts or officers it is abso-

lutely necessary to allege that they were *duly rendered* or made. " The word entered or perfected," says Mr. Justice Smith in delivering the opinion of the Court in *Hunt* v. *Dutcher*, 13 How. P. R. 538, " may be equivalent to the word ' made or given'; but the word *duly* is most essential. It can hardly be dispensed with and satisfy the terms of the statute. I can imagine no single word that will supply its place."

In the answer in this case there is nothing whatever from which it can be ascertained whether the Justice had jurisdiction of the subject matter or not.· The action in which the writ was issued may have been brought to recover a sum of money far beyond his jurisdiction; and for aught we know, the writ may have shown such to be the case. If so, it would be no protection to the officer. As we have before stated, the process, to be a protection to him in any case, must be regular on its face, and must emanate from a Court or officer having jurisdiction of the subject matter.

If it appeared by the writ under which the defendant sought to justify that it was issued in an action brought to recover over three hundred dollars, which is the limit of ·a Justice's jurisdiction, the defendant would not be compelled to execute it, and it would not justify any act of his under it. ' (See *McMurty* ·v. *Henry*, 4 Bibb. 410.)

The mere allegation, therefore, that he seized the property under a writ of attachment by a Justice of the Peace, without showing in some way that the Justice had authority to issue the writ, is not sufficient to constitute a justification to the officer. Had · the writ issued from a Court of general jurisdiction, the authority would be presumed ; but no such presumption can be invoked in aid of the defendant's answer in this case. The presumption, if any can be entertained, would be against such authority. The defense of justification not having been pleaded, could not properly be proven, for the evidence must correspond with the allegations, and be confined to the material points in issue.

· The allegation that the property in question was seized under a writ of attachment was immaterial, and hence no issue could properly be joined upon it.

The Court below did not therefore err in rejecting the writ and

papers in the case of *Surtevant* v. *Coffin*. It would have been much the better practice, however, to have suggested an amendment of the answer, and allow it at once, unless the rights of the other party would have been prejudiced thereby.

Judgment affirmed.

Dissenting Opinion of JOHNSON, J.

It is questionable whether we ought to consider this case on the statement at all, in the shape it is presented to us. The manner of preparing statements, and of transcripts on appeal, is so well defined by statute and rules of Court, as need excuse no attorney or clerk for bringing up a record in the shape we find this to be. We have defendant's statement on motion for a new trial, and plaintiffs' amendments thereto set out in different parts of the transcript.

As a fact, it does not appear of record that the statement was ever agreed to by counsel or settled by the Judge. But counsel for either party in their briefs agree in treating the original, with the proposed amendments of plaintiff, as the statement used in such motion. The appeal was not heard on oral argument, but was submitted on briefs by consent of counsel, so that the imperfections of the record were not disclosed to the view of the Court, until some time after its submission ; otherwise I should have wanted the statement properly engrossed, so that we would not have to search out from the confused mass what in reality were the facts and questions arising upon the trial and motion in the lower Court. Under the circumstances we must consider the statement in the same sense in which it was treated by counsel, notwithstanding it imposes on the Court a most ungracious task.

I agree with Justice Lewis, and upon that point he undoubtedly states the law correctly, that "the answer was insufficient to admit of proof in justification of the acts of the officer in taking and detaining the chattels, *provided* the plaintiff had made the proper objections to it."

The question then is, were these objections properly taken ? There are two methods by which the sufficiency of the answer could have been tested : First, by demurrer, and second by properly objecting to the evidence offered by defendant. No demurrer was

36

interposed ; but on the trial when the proof was tendered, plaintiff made certain objections to their admission, which Justice Lewis understands to be, " among other objections that the answer was not sufficient to authorize their introduction, *because it did not show that the Justice who issued the writ had authority to do so.*

That part of the opinion I have quoted in italics is the only matter on which we differ materially, and as I view it, makes all possible difference ; for if I consider them in the light which my associate does, I would not hesitate to concur in affirming the judgment of the lower Court.

Let us see what these objections really are, and whether they do in fact raise the question of the Justice's authority to issue the writ. I quote from the transcript :

" F. H. Burroughs was then called, and sworn as a witness on the part of the defendant, and testified substantially as follows : I am Justice of the Peace in and for this precinct. I have been ever since October, 1866. This is my docket as such Justice ; these are the files of papers in my Court, in an action brought therein by one J. H. Sturtevant as plaintiff, against one J. W. Coffin as defendant. Defendant then offered the docket and files in evidence. Counsel for plaintiff objected on following grounds : First, the answer is insufficient to authorize the introduction of such papers ; second, the docket offered is not kept according to the statutes ; third, the affidavit for publication is insufficient ; fourth, that the original summons issued, notified the defendant to appear on the twelfth of November, A.D. 1866, and the published summons required the defendant to appear on the third of December thereafter ; fifth, the docket does not show on what day the summons and attachment was issued ; sixth, the account shows that it was filed one day after the commencement of the suit ; seventh, the affidavit of the printer of the publication of summons is insufficient ; eighth, the affidavit on attachment, and justification of sureties on the undertaking for an attachment were not sworn to before any officer known to the law.

" A copy of the entries in the said docket is hereto annexed marked " Exhibit D," also, a copy of bill of account of J. H. Sturtevant against J. W. Coffin for the sum of two hundred and eighty-nine

dollars and eighty-five cents is hereto annexed, marked " Exhibit E ;" also, copy of summons issued from Justice's Court, F. H. Burroughs, Justice of the Peace in aforesaid action, *J. H. Sturtevant* v. *J. W. Coffin*, marked " Exhibit F ;" also, copy of affidavit for publication of summons marked " Exhibit G ;" also, affidavit for writ of attachment marked " Exhibit H :" also, undertaking on said writ, marked " Exhibit K ;" also, writ of attachment marked " Exhibit L," all of which are made part of this statement.

" The counsel for defendant then offered to show by the oral testimony of the Justice, F. H. Burroughs, that the bill aforesaid was actually filed with said Justice on the seventh day of November, instead of November 8th, as entered in his docket, and that said date was erroneously entered by mistake.   The plaintiff by his counsel objects on the ground that such evidence is inadmissable to vacate, or disprove record evidence ; objection sustained, and defendant by his counsel excepts ; defendant then withdraws offer of files of Justice in evidence, and offers first, writ of attachment " Exhibit H ;" objected by plaintiff's counsel, because not shown to have been issued in action properly commenced, or by Court having jurisdiction ; objection sustained, and defendant by his counsel excepts.   Witness (Burroughs) then testifies : This is my docket, and the record of the case of *Sturtevant* v. *Coffin* is on pages 74 and 75.   Witness is asked by defendant's counsel : Is this a correct record of the proceedings in that case ?   Plaintiff objects on the ground that a record is a verity, and no proof can be introduced to sustain it ; objection sustained ; defendant excepted.

" C. A. Grannis was then called as a witness on the part of the defendant, and testified in substance as follows : On November 7th, 1866, I was constable of this precinct, and acting as such, and this is my signature to the return on the writ of attachment.   The writ was then offered in evidence ; objected to by plaintiff : First, because there was no proof that the suit had been commenced ; second, it is not shown that any complaint, bond, note, bill or account had been filed, or any affidavit or undertaking as required by law had been filed before said writ was issued, and enumerated all the objections anew that were made when these papers were offered in evidence ; and third, that the summons was defective on its face, in that it did not

notify the defendant of the nature of the demand. The defendant then offered the Justice's docket, and an account filed in the case of *Sturtevant* v. *Coffin*, the same as heretofore on this day offered in evidence and withdrawn by defendant. The plaintiff's counsel objected to the introduction of said paper in evidence on all the grounds mentioned when they were first introduced, and also on the following additional grounds: First, that the docket had been changed since its withdrawal, this morning; and second, that the date of the filing of the account had also been changed since the withdrawal. The Court sustained the objection, and defendant excepts, and plaintiff's counsel offered to prove by other witnesses, that such changes above mentioned in the Justice's docket and the filing of the account, were made after said papers were first introduced in evidence in this case and withdrawn."

These portions of the transcript, copied from the statement as amended, give *in full* the objections taken at the trial by plaintiff; and certainly cannot be considered as covering the question now under consideration.

When the writ of attachment was offered in evidence, if the plaintiff wished to object on the grounds that "the complaint did not show that the Justice who issued it had authority to do so," the point of objection should have been particularly set forth, so that upon the objection stated the Court could act understandingly, and the opposite party be afforded an opportunity of curing the defect by an amendment to the answer.

As the matter is shown to us, if the point was more fully stated to the Court or brought to the knowledge of the opposite party, it must have been on the argument of the objections, which is no part of the record here, nor was it in the lower Court sufficient to justify its ruling in rejecting the evidence.

In respect to such objections, our statute is explicit. (See Secs. 188–190, Practice Act.)

" To entitle an objection to notice," says Justice Field, or the Court, " it must not only be on a material matter, affecting the substantial rights of the parties, but its point must be particularly stated. This is not only a statutory regulation, but it is the uniform rule, so far as we are aware of, in all the Courts of Record. The

party, as the authorities say, must lay his finger on the point of his objection to the admission or exclusion of evidence." (*Kite* v. *Kimball*, 10 Cal. 277, and affirmed in *Martin* v. *Travers*, 12 Cal. 244, and authorities there cited; *Dreux* v. *Domac*, 18 Cal. 83 ; *Leet* v. *Wilson et al.*, 24 Cal. 398.)

Other questions are discussed by counsel in their briefs. Such as relate to the execution are not relied upon by counsel for appellant, and therefore are not before us.

As to the remaining points, perhaps it is not necessary to consider them in detail.

The District Court below in excluding the evidence offered by defendant, (I refer to proceedings under the attachment) was undoubtedly influenced by the same consideration which respondents' counsel has urged here—that of the want of proper averments in the answer. Whilst apparently excluding it, some portions of this evidence were disallowed on other and distinct grounds, which are purely technical, and could not be sustained.

I think the order and judgment of the Court below should be reversed, and a new trial granted.