Ford, respondent, v. McMaster et al., appellants.

Sheriff — *Justifying a levy on property of third person.*— An officer seeking to justify a seizure of property, by attacking a sale of it as fraudulent, must prove not only the execution, but a valid judgment as well, and, if he omit to do so, evidence as to the possession of the property at the time of the levy is properly excluded.

Same — *Levy on property of another in possession of debtor.*— Though property be taken from the possession of the execution debtor, if a sale from him to a third person is admitted, the sheriff stands in the same position as if he had taken it from the possession of such purchaser, and were attacking the transfer as fraudulent.

*Appeal from Second District, Deer Lodge County.*

The facts are sufficiently stated in the opinion.

Robinson & Stapleton, for the appellants.

W. W. Dixon, for the respondent.

McLeary, J. This action was brought for the recovery of seventeen thousand eight hundred and forty pounds of oats valued at $303.28, alleged to have been unlawfully taken by the defendants from the plaintiff, and converted to the use of the defendants. The defendants, who were the sheriff, his deputy, and the claimant, Speer, seek to justify the taking of the oats by virtue of an execution in favor of Speer, and against Norton, from whose possession the property was taken. It is admitted by the parties that the plaintiff, Ford, purchased the property from Norton on the same day of the levy, and the only question in this case arises on the exclusion of evidence offered by the defendants in justification of their seizure. The appellants offered in evidence the execution against Norton, and in favor of Speer, and at the same time offered to prove that at the date of the levy Norton was in possession of the property taken. This evidence was excluded by the court for want of proof of the judgment to support the execution, and this action of the court was specified as error.

The sale from Norton to Ford, being admitted, was valid between the parties thereto, although it might be void as to creditors for want of change in the possession of the property, under sections 169, 170, p. 436, Rev. St. Mont. And, this sale being admitted, the case occupies the same attitude as if the property had been taken by the sheriff from the possession of the plaintiff, and the sheriff is placed in the same position as if he were attacking the sale for fraud, in a direct proceeding instituted for the purpose of setting aside such sale. But before any person can assail a transfer of personal property for fraud, either actual or constructive, he must show himself to be a creditor, or representing a creditor, and this he cannot do merely by the production of the execution. An execution, taken by itself, is not an evidence of indebtedness, though a judgment is. Bump, Fraud. Conv. 574; *Eaton v. White*, 2 Wis. 216, 217; *Means v. Hicks*, 65 Ala. 242; *Goodnow v. Smith*, 47 Mass. 70.

The evidence offered did not show the claimant, Speer, to be a creditor, within the purview of the statutes. An officer justifying the seizure of property, by attacking a sale as fraudulent, must produce the execution under which he is acting, together with the judgment under which the same was issued. Abb. Tr. Ev. 202; Bump, Fraud. Cont. 463; *Bickerstaff v. Doub*, 19 Cal. 112, 113; *High v. Wilson*, 2 Johns. 47; *Paige v. O'Neal*, 12 Cal. 495; *Key v. Grannis*, 3 Nev. 550; *McDonald v. Prescott*, 2 Nev. 112.

The sheriff in this case stands in no better light than the execution plaintiff, as all were acting together, and answered and defended jointly in this cause. *Cook v. Hopper*, 23 Mich. 515; *Griswold v. Boley*, 1 Mont. 561.

There being no predicate laid for the introduction of the evidence offered, by showing Speer to be a creditor, the evidence was properly excluded. No error being found in the action of the court in excluding the evidence offered, and in rendering judgment for the plaintiff, the judgment is affirmed, with costs.

*Judgment affirmed.*