ALBANY,
1804.

Marshall and
Wm. Jenkins
v.
Catherine De
Groot.

## Marshall and William Jenkins, *Appellants,*

And Catherine De Groot, adminis- } *Respondent.*
tratrix of Peter De Groot,           }

*If one of three joint makers of a promissory note die solvent, and the two survivors be insolvent, equity will direct payment out of the assets of the deceased.*

THIS was an appeal from Chancery, in which the facts appeared to be these : James Goslin, jun. John Goslin, and Peter De Groot, made their joint promissory note for £133 1s. 2d. payable to the appellants four months after date. Peter De Groot died intestate. The appellants prosecuted the surviving makers of the note to judgment, issued into the county where they resided a fi. fa. which was returned nulla bona, and they have since become insolvent, but the respondent has sufficient assets from the intestate to satisfy the debt. The bill prayed that the respondent might be compelled to pay the demand, but on a general demurrer the Chancellor was pleased to dismiss the bill with costs, and thus assigned his reasons :

Mr. President—From the authorities cited on the argument, it abundantly appears, that courts of equity are not favourable to the common law doctrine of survivorship in cases of this kind, and that they have shown a disposition to avail themselves of circumstances to avoid its effects. Thus the words of a condition of a joint bond have been resorted to, for the purpose of eluding the operation of this strict rule of law. The application of the money borrowed to the concerns of a joint trade, and the obligor's drawing the bond himself *jointly,* have been admitted as circumstances to relax the operation of that rule; but none of the cases go the length of deciding that, *divested of circumstances,* the obligation of a joint contract is to attach, as well to the representatives of the dead, as to the survivor of the contracting parties. This case presents the naked facts of a *joint debt* and survivorship; and, I think, must be determined on the rule which obtains at law, and if so, the bill cannot be sustained. In giving this opinion, I regret that the rule is so well established, as to

oblige me to conform to it. The inclination of my mind was to afford relief, if I could discover any principles which would bear me out in it; but, thinking as I do, respecting the legal principles governing this case, I dismissed the bill with costs.

 ✱✱✱ The respondent not appearing to argue the cause, it was heard ex-parte.

Per curiam delivered by Thompson, J. The facts stated in the bill, are admitted by the demurrer to be true. The only question, therefore, presented to the court, is, whether, where three persons make a promissory note, one dies intestate, but solvent, and the two survivors become insolvent, the estate of the deceased can in equity be charged with the payment of the note? I have not been able to discover any principles of justice on which it can be exonerated. It is a rule applicable to proceedings in courts of law, that where two are jointly bound, and one dies, the survivor must be prosecuted, and an action cannot be maintained against the representatives of the deceased. This, however, is a rule controling the remedy, and not determining the right. Courts of equity daily give relief where the remedy at law is extinguished. The three makers of this note, as to this transaction, are considered in the light of partners, and the consideration received by them was for the mutual benefit of them all; and although this consideration, whatever it might be, may survive, unless severed during the life-time of the intestate, yet the survivors are considered, in equity, as the trustees for the representatives of the deceased, for his proportion. Rights claimed by, and injuries arising from, survivorship, are not viewed in a very favourable aspect, either at law or in equity. I have looked into the cases referred to by the appellants' counsel, which I think fully establish and warrant both the right and practice of courts of equity, giving relief in cases of this description. The survivors are insolvent. The deceased left assets sufficient to pay this and all other just demands against his estate. The appellants are without remedy at law, and I see no reason why equity should not give relief. I am, therefore, of opinion, that the decree of his Honour the Chancellor ought to be reversed.