LANDAU a. LEVY.

*New York Superior Court ; Special Term, April,* 1855.

JOINDER OF CAUSES OF ACTION.—CLAIMS AGAINST TRUSTEES.

It is essential to a good complaint, containing several causes of action, that they should all belong to one of the classes mentioned in § 167 of the Code, and that they should be separately stated.

The allegations of the count, which purports to set out any one cause of action, should state enough to make it good in law.

Causes of action cannot be said to be separately stated, when it is necessary to recur to the allegations of the count which sets forth one of them, to supply omissions in the count, containing a statement of the other.

Judgment against the defendant personally, and as trustee, cannot be sought in the same action.

*It seems*, that in an action on a bill of exchange, payable in merchandize, an assignment for consideration by the payee to the plaintiff, should be averred.

Demurrer to complaint.

This action was brought by Landau against Louis S. Levy, as survivor of Mark Levy and Louis S. Levy, partners, and Louis S. Levy, as executor of Mark Levy.

The action was upon two bills, drawn in the form of bills of exchange, payable in me'rchandize, drawn by the plaintiff on Louis S. and Mark Levy, as partners, and accepted by them ; Mark having died, and Louis, the survivor, having been appointed his executor, the plaintiff now sought in this action to recover judgment against the latter, both as surviving debtor and as executor, it being alleged in the complaint that Louis was insolvent.

The substance of the allegations of the complaint, as well as the objections taken to it, are clearly stated in the opinion.

*Judah and Dickinson*, for defendant.—In this complaint, two causes of action have been improperly united, inasmuch as the defendant cannot be sued individually and as executor, in the same action. (*Code*, § 144. *Subd.*, 5 § 167. Subdivision, 7. Alger *v.* Scoville, 6 *How. P. R.*, 131. Fry *v.* Evans,

8 *Wend.*, 530. Gillet *v.* Hutchinson, 24 *ib.* 184. Hancock *v.* Haywood, 3 *T. R.*, 433. Slipper *v.* Stidstone, 5 *ib.*, 493).

*E. R. Lamoreux*, for plaintiff.—Under the Code, it is no misjoinder of parties to unite the surviving partner with the representatives of the deceased partner, in an action on a contract made by the copartnership; especially if the survivor is insolvent. *(Code*, §§ 117, 118. Ricart *v.* Townsend, 6 *How. Pr. R.*, 460. De Agreda *v.* Mantel, 1 *Abbotts' Pr. R.*, 138. Laurence *v.* Trustees of Lake & Watts Orphan House, 2 *Den.*, 582. Jenkins *v.* De Groot, 1 *Cai. Cas.*, 122. 1 *Story's Equity Jurisprudence*, § 676).

Two several causes of action have not been improperly united, (*Code*, § 167). They all arise out of the same transaction or transactions, connected with the same subject of action, and fall under the first subdivision of section 167.

Bosworth, J.—It is essential to a good complaint, containing several causes of action, that all of them should belong to *one* of the classes mentioned in § 167 of the *Code*, and that they should be *separately* stated.

Each cause of action should contain in the allegations which express it, enough to make it good in law.

How many causes of action does this complaint contain?

It first alleges that the two Levys accepted a bill drawn on them by the plaintiff; they being partners. It then states the death of Mark Levy, before the bill matured, nonpayment, and payment of it by the plaintiff to the holder. This bill was dated the 26th of July, 1854, was for payment of the sum of £599 13 2 sterling, value in merchandize, on the 6th of October then next.

The complaint then proceeds thus:—

"And the plaintiff for a second and distinct cause of action, further shows," &c.

It states the acceptance of a bill dated the 4th of August, 1854, drawn by plaintiff on the same parties, requesting them to pay on the 4th of November, 1854, the sum of £397 12 4, sterling, value in merchandize, the acceptance of the bill, the

death of Mark Levy before its maturity, nonpayment of it, and that the plaintiff was compelled to pay and take it up.

This would seem to make a full, distinct, second cause of action.

The complaint without stating whether it was designed by it to set forth a third cause of action, proceeds to allege, the grant to Louis S. Levy of letters testamentary of Mark Levy, deceased, and that Louis S. Levy is insolvent, and prays judgment against him, " *absolutely,* and *as such executor,*" for $4832$\frac{86}{100}$ and costs," to be levied and collected of the property of the said Louis S. Levy, as such surviving partner as aforesaid or otherwise, or in default thereof, of the personal assets of Mark Levy, deceased, which have or shall come to the hands of Louis S. Levy, as executor, to be administered.

It will be observed that the complaint does not allege that the executor has in his hands any assets of the deceased, to be administered, and that the judgment prayed, is such as is entered in *an action at law,* against an executor or administrator.

If it can be said that the complaint contains a *third* cause of action, it must be on the theory that to constitute it, *the whole complaint,* exclusive of the prayer for judgment, is to be regarded as being the third count. It is evident that each acceptance is designed to be counted on as a separate and distinct cause of action against *Louis S. Levy, as survivor.* To make a cause of action against him, as executor, out of any thing in this complaint, it is necessary to include one or both of the two causes of action first stated. The pleader designed to include both ; for he prays judgment for the amount of both acceptances.

The third cause of action is not *separately* stated.

If the third count is to be regarded as an action *at law,* then whether it embrace the two causes of action first above stated, or but one of them, it is bad in substance, *as an action* at law, as it shows a surviving partner *living.* If the third count be regarded as a claim to equitable relief, it does not allege any assets to be in the hands of the executor, and therefore fails to show any reason for invoking the exercise of the equitable powers of the court.

In Marshall *v.* De Groot, (1 *Cai. Cas.*, 122), and in Laurence *v.* Trustees of Lake & Watts Orphan Asylum, (2 *Den.* 577), the fact of the insolvency of the survivors, and that the representative of the deceased partner had assets to be administered, were alleged. If the third cause of action is such as has heretofore been denominated legal, it is bad in substance. So many facts are stated as show that as executor, he is not liable at law. (Grant *v.* Shurter, 1 *Wend.* 148).

If it was intended to state a cause of action, which would entitle the plaintiff to *equitable relief,* I think it doubtful at least, whether enough is stated to confer jurisdiction. It is not alleged that the executor has any assets of his testator to be administered, and if he has none, a court of equity is incompetent to give any relief. There is nothing on which its powers can operate.

But if enough is stated to give jurisdiction to a court of equity, can such a course of action be joined with others against the defendant, as survivor?

They perhaps all arise out of transactions connected with the same subject of action. (*Code,* §§ 167, § 1). There is but one defendant;—in one sense—*each of them* affects him. But two of them affect him personally, or can be made to affect his estate. The third affects only the *estate* which he has or may receive as *executor* or *trustee!* And does not the word *trustee,* as employed in subdivision 7, of section 167, embrace executors and administrators, as well as those who are trustees, *eo nomine?* If it does, then it is obvious that it was not intended to allow causes of action seeking a judgment against a defendant *in personam,* to be united with others which might show a right to some relief against the defendant as a *trustee,* though the latter causes of action may be in some way connected with the same subject of action as the first.

The concluding sentence of section 167 prohibits joining causes of action belonging to subdivision one, with those belonging to subdivision seven, notwithstanding they may be connected with the same subject of action. I think the plaintiff attempts to unite causes of action which the Code does not allow to be united.

It is doubtful whether either count is good in substance. It

is not very evident that either instrument is a *bill of exchange.*
Each instrument is a request of the drawer, directed to Louis
S. and Mark Levy, in their partnership name, that they will
pay to the order of L. C. Opperman, at a time named, a sum
stated, " *in merchandize.*" The acceptance of this is alleged,
and that the plaintiff delivered it to Opperman. That the
plaintiff was forced to pay Opperman the amount, and thus
became the holder. As these instruments are not bills of
exchange, for the reason that they are not for the payment of
money only, they are not negotiable by delivery so as to give
a right of action to the holder. There is no allegation that
Opperman sold or assigned them to the plaintiff. Not being
bills of exchange, it may not be clear, that to enable Opper-
man to maintain an action against the acceptors, it would not
be necessary for him to aver a consideration sufficient to
uphold the contract. (Smith *v.* Smith, 2 *Johns. R.* 235. Sexton
*v.* Johnson, 10 *ib.*, 418). No consideration for the defendant's
acceptance is alleged. The instruments as described, do not
import that there was any. If there is not enough stated to
show a good cause of action against the defendant as *surviving*
acceptor, nor to constitute a good cause of action *at law* against
the defendant, as *executor*, nor to give a court of *equity* juris-
diction of an action against the defendant, as executor of Mark
Levy, then the whole complaint is bad in substance.

Many of these views are stated rather to call attention to the
difficulties suggested by them, than to express a definite
opinion in conformity with such views.

I am of the opinion that the defendant is entitled to judg-
ment on the ground that several causes of action have been
improperly united. But the plaintiff may amend as he may
be advised, in twenty days, on payment of the costs of the
demurrer.