## SUPREME COURT.

CHARLES G. CLARK agt. MARTHA ELLERY COLES, Executrix, and EDWARD COLES and WILLIAM H. NEILSON, Executors, &c., of ISAAC W. COLES, deceased.

*When an injunction will not issue at the suit of an heir at law to restrain the executors in the management of the estate.*

Where, by the provisions of the will, after the devise of a few legacies, the whole income of the estate, both real and personal, is devised to the widow during her life, and who has collected the income of the estate and managed the same, she being also an executrix under the will, an heir at law, who refused to come in and accept the terms of settlement of the estate made with the widow and all the other children, cannot have an injunction to enjoin the executors from paying over any of the rents, profits or other periodical income to the widow until certain taxes and assessments on the estate shall have been paid and certain tax sales redeemed, &c.

1st. Because the executors and executrix, whilst authorized by the will to "lease, sell, convey and dispose" of all or any part of the real estate of the testator, are not required so to do, and in fact have not exercised the power, but the income has been appropriated by the widow in her individual and not official capacity.

2d. Neither by the will is there any trust estate created in the defendants as executors and executrix, nor has there been any such power in fact exercised or claimed, and the issue of an injunction as asked would assume the contrary.

*Chambers, July* 25, 1874.

MOTION by the plaintiff for a temporary injunction against the defendants.

*W. H. Peckham,* for plaintiff.

*Mr. Coles,* for defendants.

Clark agt. Coles.

WESTBROOK, *J.* — The plaintiff was the husband of Elizabeth C. Coles, deceased, who was one of the children and one of the devisees of Isaac W. Coles, the above named testator. The share of Elizabeth in her father's estate having passed by her will to the plaintiff, he, claiming that the whole income of the estate is received by the defendant Martha Ellery Coles, and used by her without paying taxes and assessments upon certain real estate, which belongs to him as a part of the property of his deceased wife, after the termination of the life estate, asks that the " defendants shall be adjudged as executors and executrix to apply the income of said estate to the payment of taxes and assessments on said real estate already accrued, and to redeem the said real estate from any tax or assessment sales, and to keep down all taxes and assessments in the future, during the continuance of the said life estate of the said defendant, Martha Ellery Coles, and that defendants be enjoined from paying over any of the said rents, profits or other periodical income to the defendant Martha Ellery Coles, until the whole of said taxes and assessments shall have been paid and said tax sales redeemed; and thereafter from paying any portion thereof, until after the payment of any taxes and assessments that may be due at the time of the receipt thereof."

A preliminary injunction, in conformity with the prayer of the complaint, is now asked in behalf of the plaintiff and opposed by the defendants.

From the foregoing statement of facts it will appear that the plaintiff's complaint is framed upon the theory that the defendants, in their capacity as executor and executrix of the will of Isaac W. Coles, deceased, are by such will charged with the management of his estate, having the power to collect and apply its income. A reference to the will, however, will show that there is no trust whatever created. On the contrary, the devise of the income of the estate is directly to her without the intervention of a trustee, for the will, after the devise of a few legacies, declares: " I do hereby give, devise and

bequeath to my said wife the rents, interests, dividends and other periodical income of all and singular the rest, residue and remainder of my estate, both real and personal, that I may be seized or possessed of at the time of my decease, for and during the residue of her natural life, provided she shall so long continue and remain my widow. * * * But should my said wife marry again, then, and in that case, I do hereby give, devise and bequeath to her from and after her remarriage the rents, interests dividends and other periodical income of one equal third part of the said rent, residue and remainder of my estate, both real and personal, ·for and during the residue of her natural life," &c. The widow, now seventy-four years old, has never remarried. The children of Isaac W. Coles in the year 1865, they having then all become of full age, made a friendly division of the real estate of their father, subject, however, to the life estate of their ·mother. The mother released her life estate in the property thus divided to each of the children, except that which fell to the share of the wife of the plaintiff. The offer to release to the plaintiff her interest in this part also was made to him, but was not accepted.

Since the death of Isaac W. Coles, the widow, by her duly authorized agent, has collected the income of the estate, and managed the same. The defendants, as executors and executrix as aforesaid, whilst authorized by the will to "lease, sell, convey and dispose" of all or any part of the real estate of the testator, are not required so to do, and in fact have not exercised the power; but the income has been received and appropriated by the widow, in her individual and not official capacity.

Neither by the will then is there any trust estate created in the defendants as executors and executrix, nor has there been any such power in fact exercised or claimed, and the issue of an injunction as asked would assume the contrary. I am aware that a plaintiff is not limited to the precise relief asked, but am not of the opinion that this plaintiff can have

Clark agt. Coles.

any relief against Martha Ellery Coles, as an individual, in this action, and especially on this motion, which she is asked to resist in her representative character and not as an individual. Other facts may exist which she would wish to show if she, personally, were summoned to show cause against an injunction, which, owing to the form of the action, her counsel may deem unnecessary now to interpose by way of answer to this application.

There are grave difficulties attending any action which may be brought against Martha Ellery Coles as an individual, and what relief, if any, and from what fund, the plaintiff is entitled to. These questions are not discussed.

The motion of the plaintiff for an injunction is denied with ten dollars costs, upon the grounds already stated.