# SUPREME COURT.

CHARLES G. CLARK agt. MARTHA E. COLES, executrix, *et al.*

*Demurrers to complaint for improper joinder of actions.*

A complaint against an executrix as such, and also against her individually to compel her to apply the income of the estate to the payment of taxes and assessments already accrued, and thereafter to accrue, upon certain unproductive real estate of the testator, unites two distinct causes of action and cannot be sustained where it appears:

*First.* That there was no trust in the executrix, as executrix under the will; and that while authorized by the will to lease, sell and dispose of all or any part of the real estate of the testator, she was not required to do so. These powers might be exercised, by the terms of the will, by the executrix at her discretion.

*Second.* That the devise of the income of the estate was directly to the widow, the executrix, without the intervention of a trustee. Under the will she was entitled to collect and receive, as devisee and legatee, all such income. To reach such income received by her, or to enforce a liability against her as devisee or legatee thereof, affects her not as executrix but individually.

The complaint therefore requires different judgments and must be considered bad on demurrer.

*Special Term, October,* 1875.

THE plaintiff is the husband of Elizabeth C. Clark, deceased, who was one of the children of Isaac U. Coles, deceased; and this action is brought against his widow, Martha E. Coles, as his executrix, and also individually, and against Edward Coles and William H. Neilson, as his executors, to compel them to apply the income of his estate to the payment of taxes and assessments already accrued and hereafter to accrue upon certain unproductive real estate in Jersey City in the state of New Jersey.

The said testator died seized and possessed of an undivided . one-fifth part of certain lands in New Jersey, of which the real estate in question is a part, and by his last will and testament, which by express stipulation is made a part of the complaint, devised the same, together with all the rest and residue of his real and personal estate, after the payment of his debts and certain specific legacies, to his said widow, during her life or widowhood, with reminder to his children in fee.

About the year 1861, by the decree of the court of chancery of the state of New Jersey, in a suit brought therein for the partition of said lands among the different owners thereof, a certain one-fifth part of said lands was divided and set apart as and for the share of the children of the said testator, who were all daughters, subject to the life estate of their mother, the said Martha Ellery Coles, under the said will.

On or about the 1st day of May, 1865, the surviving daughters of the said testator, who were all of age, united in exchanging partition deeds of the said real estate, so held by them in common, under the said decree, subject to the life estate of the said Martha Ellery Coles therein; and in this way the said Elizabeth C. Clark, the wife of the plaintiff, became vested in severalty with the premises which are described in the schedule annexed to the complaint in this action, subject to the life estate of the said Martha Ellery Coles therein; and at the death of the said Elizabeth C. Clark, she left a will by which she devised these lands to her husband, the plaintiff in this action.

Since the said amicable partition, large amounts of taxes and assessments have accumulated upon the said lands so conveyed by partition deed to the said Elizabeth C. Clark, and said lands have been sold for said taxes and assessments; and under the laws of the state of New Jersey the right to redeem said lands may at any time be cut off by the giving of a certain notice; and thereafter, unless the same are redeemed within six months, the right to redeem is forever barred.

The complaint alleges that the defendants have been requested to pay said taxes and assessments and to redeem said lands from the sales therefor, but that they refuse so to do.

The complaint also alleges that besides the said unproductive real estate in New Jersey, the testator died seized and possessed of certain real and personal estate in the state of New York, which is productive, and that the income of said estate is more than sufficient to pay the said taxes and assessments, but that the defendants have wrongfully applied and used the whole of the gross sum of said income to and for the personal use and benefit of 'the said Martha Ellery Coles.

*Wheeler H. Peckham*, for plaintiff.

*Coles Morris & Michael H. Cardozo*, for defendant.

VAN VORST, J. — The ground of demurrer assigned by the executors and executrix is, that the complaint does not state facts sufficient to constitute a cause of action against them as such.

The terms of the will of Isaac U. Coles, deceased, and the powers and duties of the executors and executrix, thereunder have already had some consideration by this court (*Clark agt. Coles*, 48 *How. Pr.*, 266).

WESTBROOK, J., there held, in substance, that there was no trust in the defendants, as executors and executrix, under the will. And, further, that the executors and executrix, while authorized by the will to lease, sell and dispose of all or any part of the real estate of the testator, are not required to do so. The powers enumerated might be exercised by them, by the terms of the will, at their discretion. That the devise of the income of the estate is directly to the widow, without the intervention of a trustee.

As the decision by the learned judge was upon questions

Clark agt. Coles.

directly before him, I do not propose to re-examine the same, and shall accept his conclusions.

It is not averred, in the complaint, that the executors and executrix, as such, have exercised the power to lease, or other of the powers vested in their discretion.

There is no allegation in the complaint that the widow has remarried.

And, under the will, she is entitled to collect and receive, as devisee and legatee, all such income. And, in the absence of express allegations to the contrary, she is presumed to have done so. In fact, it is alleged that the defendant, Martha Ellery Coles has been allowed to receive, and appropriate to her own use, the whole of the gross income of the estate.

In this view, the remedy of the plaintiff is against her, individually.

It is, therefore, held that no cause of action is made out by the complaint against the defendant's executors and executrix.

The defendant, Martha Ellery, individually demurs, and assigns as grounds therefor: that two causes of action have been improperly united, to wit, a cause of action against her as executrix, and another against her individually.

Although it has been held above that no cause of action is, in fact, made out against the executors and executrix, yet the whole complaint, including its prayer for judgment, shows that it is based upon the theory that the plaintiff's relief against the taxes is to be obtained through and against them. Such judgment against them must needs operate upon the estate of the testator, the income of which, it is sought through them, to have applied to the payment of these taxes.

And, for the purposes of the separate demurrer, the facts, to justify such relief, must be considered to be well pleaded.

Yet any relief or judgment against Martha Ellery Coles, individually, would affect her, not as executrix, but the income received by her, as devisee and legatee, under the will. To reach such income received by her, or to enforce a liability

Clark agt. Coles.

against her, as devisee or legatee thereof, affects her not as executrix, but individually.

The rule recognized by SAVAGE, Ch. J., in *Reynolds* agt. *Reynolds* (3 *Wend.*, 244), is fatal to the goodness of the complaint in this regard. He says, if the counts be such as to require different judgments they cannot be joined (*Landon* agt. *Levy*, 1 *Abb. Pr.* [*O. S.*], 376).

There should be judgment for the defendant on the demurrers.