MARY M. PERKINS, as Administratrix, etc., of PHILIP SNYDER, Deceased, Respondent, *v.* HENRY W. SLOCUM, Individually, and as Receiver of the Personal Property in the Waverly Hotel, Appellant.

*Action against a person individually and in a representative capacity under Code of Civil Procedure, § 1815 — complaint demurrable under section 484 thereof — joinder of inconsistent causes of action.*

By the authority of section 1815 of the Code of Civil Procedure, an action under certain conditions may be maintained against a receiver, both as an individual and in his representative capacity.

A demurrer to a complaint is proper, irrespective of the fact whether the causes of action therein alleged are separately stated or commingled, if such causes of action are improperly united.

Although section 484 of the Code of Civil Procedure allows two or more causes of action to be united in the same complaint when they arise out of the same transaction, it must appear that they all belong to one of the subdivisions of that section and that they are consistent with each other.

The complaint in an action in the first count charged the defendant personally with a wrongful conversion of certain personal property belonging to the plaintiff, to the immediate possession of which she was entitled. In the second count it charged the defendant as receiver appointed by the court with such conversion, alleging in substance that the defendant, as receiver, took possession of the same property described in the first count of such complaint, and after demand therefor by the plaintiff, wrongfully refused to deliver the same to the plaintiff, but, as such receiver, converted it to his own use, and that the plaintiff, by leave of the court, brought the action against him as receiver as well as against him individually.

*Held,* that the complaint was demurrable on the ground that two inconsistent causes of action were joined in it.

APPEAL by the defendant, Henry W. Slocum, individually, and as receiver of the personal property in the Waverly Hotel, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 1st day of November, 1893, overruling the defendant's demurrer to the complaint, with notice of an intention to bring up for review upon such appeal said judgment and the order upon which it was granted.

*Alpheus T. Bulkeley,* for the appellant.

*Edgar T. Brackett,* for the respondent.

MAYHAM, P. J.:

The complaint in the first count charges the defendant personally with a wrongful conversion of certain personal property belonging to the plaintiff and to the immediate possession of which she is entitled. The second count charges the defendant, as receiver, appointed by the court in an action in the Supreme Court, in substance, that the defendant, as receiver, took possession of the same property described in the first count in such complaint, and after demand by the plaintiff of him wrongfully refused to deliver said property to the plaintiff, but as such receiver converted the same to his own use, and the plaintiff, by leave of the court, brings this action against him as receiver, as well as individually.

To this complaint the defendant demurs on the ground of an improper joinder of two causes of action, and that several causes of action have been improperly united, one against Henry W. Slocum individually, and one against him as receiver of the personal property in the Waverly Hotel.

This demurrer was overruled by the trial court and an interlocutory judgment entered against the defendant, from which the defendant appeals to this court. The only question on this appeal is whether the plaintiff, by his complaint, has improperly united two inconsistent causes of action. Subdivision 7 of section 488 of the Code of Civil Procedure specifies, as a ground of demurrer, "that causes of action have been improperly united." Prior to the enactment of section 1815 of the Code of Civil Procedure an action could not be maintained against an executor or administrator as an individual and in his representative capacity (*Clark* v. *Coles*, 50 How. Pr. 178), and a complaint charging him in such double capacity was held bad on demurrer. By that section actions under certain conditions can be maintained against such individual charging him in the double capacity ; but it is only by the authority of that section that he may be sued in the same action as an individual and in his representative capacity.

In a complaint like the one in the case at bar, a judgment against defendant would furnish no guide in determining whether the defendant was personally liable, or liable as receiver; and yet in one case he would be personally charged as a wrongdoer, while in the other he would seem to be only liable as a trustee acting under

the order of the court. But whether that be so or not, it appears well settled by authority that the causes of action in this case are improperly joined. In *Wiles et al.* v. *Suydam* (64 N. Y. 177) it was held that a complaint setting forth facts sufficient and seeking to charge the defendant as a stockholder of a manufacturing corporation organized under general laws (Chap. 40, Laws of 1848) with a debt of the corporation, because of a failure to make and record a certificate required by section 10 of that act, and also alleging the requisite facts and seeking to charge him as trustee with the debt, because of failure to file an annual report under section 12 of the same act, constitutes two separate and distinct causes of action which cannot properly be united in the same complaint, and the Court of Appeals sustained a demurrer for that reason.

And it seems that a demurrer is proper irrespective of whether the causes of action are separately stated or commingled. (*Harris* v. *Eldridge*, 5 Abb. N. C. 278.)

It is true that section 484 of the Code of Civil Procedure allows two or more causes of action to be united in the same complaint when they arise out of the same transaction, but it must appear that they all belong to one of the subdivisions of that section and that they are consistent with each other.

As we have seen, the causes of action in this case are not consistent with each other, as they would require different forms of judgment and different forms of final process for their enforcement. (*Clark* v. *Coles*, 50 How. Pr. 178; *Landau* v. *Levy*, 1 Abb. Pr. 376.)

The interlocutory judgment should be reversed and judgment for the defendant ordered on demurrer, with leave to the plaintiff to amend on payment of the costs and disbursements of this appeal.

PUTNAM and HERRICK, JJ., concurred.

Interlocutory judgment reversed and judgment for the defendant ordered upon the demurrer, with leave to the plaintiff to amend upon payment of costs and disbursements of this appeal.