ALFRED KROWER et al., Executors, etc., Respondents, v. WIL-
LIAM H. REYNOLDS, Appellant.

The complaint in this action alleged the execution of a bond and mortgage,
the subsequent purchase of the mortgaged premises by defendant, and
his acceptance of a deed thereof, which contained a covenant whereby he
assumed and agreed to pay the mortgage in consideration of the con-
veyance, the foreclosure of the mortgage by action in another State
where the mortgaged premises were located, and the due recovery of
a judgment in said action against defendant upon his covenant, for a
deficiency; judgment was asked for the amount of the deficiency. The
answer of defendant admitted the facts alleged as to making the covenant,
but denied the judgment. On the trial the plaintiffs offered no proof as
to the judgment, but rested on the admissions as to the covenant;
defendant moved for a nonsuit, which was denied on the ground that the
complaint set up two causes of action, one on the covenant, the other on
the judgment. *Held* error; that but a single cause of action was set up,
*i. e.*, upon the judgment, and that the motion should have been granted.

(Argued April 23, 1885 ; decided June 2, 1885.)

APPEAL from judgment of the General Term of the
Supreme Court, in the fifth judicial department, entered upon
an order made June 3, 1884, which denied a motion for a new
trial and directed judgment upon a verdict.

The complaint in this action alleged in substance that in
January, 1875, Marshall F. Shaw executed to William A.
Capron his bond secured by mortgage upon certain lands in
New Jersey, which bond and mortgage were duly assigned by
Capron to Levi Oudkirk, plaintiff's testator; that Shaw in 1876
sold and conveyed the mortgaged premises to defendant, sub-
ject to the mortgage, by deed, which contained a covenant on
the part of the latter by which he assigned and agreed to pay
the mortgage ; that in 1877 Oudkirk commenced an action in
the Court of Chancery of the State of New Jersey, which said
court is a court of general jurisdiction, to foreclose said mort-
gage ; defendant was made a party defendant, the summons
was duly served upon him, and judgment was duly recovered
against him therein, upon his covenant, "for the sum of

$5,053.78, no part of which has been paid." The complaint also alleged the death of Oudkirk, and the appointment of plaintiffs as executors of his will, and the issue of letters testamentary to them. Judgment was demanded for said sum of $5,053.78, with interest from the date of the judgment. The answer admitted the execution of the bond and mortgage, and the assignment thereof to Oudkirk, the executor, and delivery of the deed to defendant with the covenant therein as alleged in the complaint, but denied the averments in the complaint as to the judgment. Upon the trial plaintiffs proved the issuing of the letters testamentary and then rested. Defendant's attorney moved for a nonsuit on the ground of a failure to prove the cause of action set forth in the complaint, or to prove any cause of action. The motion was denied and said attorney duly excepted.

*Quincy Van Voorhis* for appellant. A plaintiff cannot shift the theory of his action at his pleasure, especially when different theories require different lines of proof. (*Southwick* v. *First Nat. Bk.*, 84 N. Y. 420.) A pleading under the Code, as to matter of substance, is to be construed most strongly against the pleader. (*Clark* v. *Dillon*, 20 Weekly Dig. 329.) When a statement of facts constituting a cause of action will support either of two actions, and it is doubtful which the pleader intended, the demand for judgment may be consulted for the purpose of ascertaining which action was intended. (*Spaulding* v. *Spaulding*, 3 How. 297; *Dows* v. *Green*, id. 376; *Rodgers* v. *Rodgers*, 11 Barb. 596.) The facts which the plaintiffs have set forth in their verified complaint are equivalent to an admission and averment that all rights of action which Oudkirk had upon the alleged covenant have been merged and become barred by a judgment. This admission is available to the defendant, by way of defense, and establishes a complete defense to any claim upon the covenant. (*Fairchild* v. *Lynch*, 14 J. & S. 1; *Edson* v. *Girvan*, 29 Hun, 422; *White* v. *Smith*, 46 N. Y. 418; *Paige* v. *Willett*, 38 id. 31; *Schreyer* v. *Mayer*, 7 J. & S. 3; *Donovan* v. *B'd of Educa-*

*tion*, 12 id. 56 ; *Doyle* v. *Curley*, 2 Law Bull. 48 ; *Graham* v. *Reade*, 57 N. Y. 681 ; *Hudson* v. *Swan*, 83 id. 560 ; *Saltus* v. *Genin*, 3 Baur. 250 ; *Calvo* v. *Davies*, 73 N. Y. 211.) There is nothing in the complaint, except a mere legal conclusion, showing that defendant has ever at any time agreed to pay the debt. (*Hatch* v. *Peet*, 23 Barb. 575 ; *Bailey* v. *Richmond*, 17 J. & S. 519 ; *Austin* v. *Searing*, 16 N. Y. 222 ; *Fairbanks* v. *Bloomfield*, 2 Duer, 349.) If plaintiff has not alleged facts sufficient to constitute a cause of action, the defendant, by his silence, cannot be held to have admitted a cause of action. (1 Barb. Ch. Pr. 133 ; Moak's Van Santvoord's Pl. 505–515 ; *Barton* v. *Sackett*, 3 How. 357 ; *Cutting* v. *Lincoln*, 9 Abb. [N. S.] 436.) As there is no allegation of any breach of the alleged covenant, there can be no presumption of non-payment. (Moak's Van Santvoord's Pl. 173 ; *Keteltas* v. *Meyers*, 19 N. Y. 231 ; *McKyring* v. *Bull*, 16 id. 301 ; Code, § 534.) It was necessary for the plaintiffs to prove the existence of the alleged covenant, as the allegation of the complaint in respect thereto is put in issue by the answer. (Moak's Van Santvoord's Pl. 505–515 ; 1 Barb. Ch. Pr. 133 ; *Sands* v. *St. John*, 36 Barb. 628 ; *Oechs* v. *Cook*, 3 Duer, 161 ; *Fry* v. *Bennett*, 5 Sandf. 54.) What a party says at the same time that he makes an admission, which would tend to qualify the admission, cannot be ignored. (*Vanderbilt* v. *Schreyer*, 21 Hun, 537 ; *Goodyear* v. *De La Vergne*, 10 id. 537 ; *Gildersleeve* v. *Landan*, 73 N. Y. 609.) The motion for a nonsuit should have been granted. (*Halpin* v. *Third Ave. R. R. Co.*, 40 N.Y. Supr. [J. & S.] 175 ; *Quinby* v. *Straus*, 90 N. Y. 664 ; *McKechnie* v. *Wood*, 58 id. 541 ; *Beckwith* v. *Whalen*, 5 Lans. 376 ; *Gregory* v. *Mack*, 3 Hill, 380.)

*George F. Yeoman* for respondents. Plaintiffs were entitled to " any judgment consistent with the case, made by the complaint and embraced within the issues." (Code of Civ. Pro., § 1207.) They were entitled to allege more than one set of facts, showing their right to recover the same debt, and to recover upon either set, that they might be able to establish.

(*Winsted Bk.* v. *Webb*, 39 N. Y. 325; *Dongprey* v. *Yates*, 31 Hun, 432; *Walters* v. *Cont. Ins. Co.*, 5 id. 343; *Morton* v. *Cameron*, 3 Robt. 189; *Barr* v. *Shaw*, 10 Hun, 580; *Viele* v. *N. City Ins. Co.*, 65 How. 1; *Birdseye* v. *Smith*, 32 Barb. 217; *Thompson* v. *Minford*, 11 How. 273.)

ANDREWS, J.    Judgment in the action was recovered against the defendant upon his covenant in his deed from Shaw to assume and pay the mortgage on the granted premises, executed by Shaw to Capron. The trial judge in substance ruled that the complaint set forth two causes of action, one upon the covenant and the other upon the deficiency judgment against Reynolds, founded on the covenant, rendered by the New Jersey court in an action for the foreclosure of the Capron mortgage, in which Reynolds was joined as a party defendant. The defendant insists that only one cause of action was set forth in the complaint, to-wit: a cause of action on the judgment, and that the plaintiff having failed to prove a valid judgment against him, the complaint should have been dismissed. This presents the main question on this appeal. The allegations in the complaint are embraced in a single statement or count, and if it embraces two causes of action, the pleading does not conform to the requirement of the Code. (§ 483.) But an omission to separate two different causes of action in a complaint is a defect to be corrected on motion. If the defendant proceeds to trial without making his motion, the defect, being in a matter of form only, and not affecting a substantial right, will be disregarded. (Code, § 723.) The question to be determined is whether the complaint in substance set forth two causes of action, or a cause of action on the judgment only. It alleges the making of the bond and mortgage by Shaw to Capron; an assignment to Oudkirk, the plaintiff's testator; the subsequent purchase of the mortgaged premises by Reynolds, the defendant; the assumption by him of the mortgage, and his covenant to pay the same in consideration of the purchase and conveyance; the subsequent commencement by Oudkirk of an action to foreclose the mort-

gage in the Court of Chancery in New Jersey, alleged to be a court of general jurisdiction, against Shaw, Reynolds and others by process duly issued and served on the defendants therein, in which action judgment was duly recovered by the plaintiff against Reynolds on the 26th day of October, 1877, for $5,053.78, on his liability on his covenant; the death of Oudkirk and the appointment of the plaintiffs as his executors. The complaint concludes by demanding judgment against Reynolds for $5,053.78, with interest from October 26, 1877, the date of the judgment. It is to be observed that upon the facts stated in the complaint, the covenant was merged in the judgment and no subsequent action on the covenant could be sustained. This consideration is not decisive upon the point in controversy, because a plaintiff may join in his complaint different and even inconsistent causes of action, provided only that they all belong to one of the classes mentioned in section 484 of the Code. But the fact that an action on the covenant could not be maintained after a judgment had once been rendered thereon has a material bearing upon the construction of the pleading. The pleader has blended in a single statement the averments of the making of the covenant and the subsequent recovery of a valid judgment thereon. Did he intend to set forth in this single statement two inconsistent causes of action, or only one cause of action, that is to say, a cause of action on the judgment, inserting the allegations as to the bond and mortgage, and the assumption of the debt by the defendant and his covenant to pay the mortgage, only by way of introduction or inducement to the final fact, viz.: the recovery of the judgment? This latter seems the most natural and reasonable construction of the pleading. There is another material consideration. The complaint does not contain the averments necessary to a complete cause of action on the covenant. It alleges the making and the consideration of the covenant, and that the defendant thereby became liable to pay the mortgage. But there is no breach alleged. This was necessary. (*Marie* v. *Garrison*, 83 N. Y. 23.) There is no averment that the mortgage had not been paid or that Reynolds had failed to perform his covenant. If the averments in re-

spect to the judgment should be eliminated, the complaint would have been demurrable, as not stating facts sufficient to constitute a cause of action. If the parties had gone to trial on a complaint so framed, an amendment would doubtless have been allowed, but the point here is whether allegations proper, if not necessary, to a cause of action on the judgment, by way of inducement, are to be construed as intended to set up an independent cause of action, and this when a material averment to such cause of action is wanting. The answer of the defendant admitted the facts alleged in the complaint as to the making of the covenant, but denied the judgment and set up certain facts by way of equitable defense thereto. On the trial the plaintiffs made no attempt to prove the judgment alleged in the complaint, but rested on proof of their appointment as executors. The defendant thereupon moved for a nonsuit on the ground that the plaintiffs had not proved the cause of action set forth in the complaint.

We think the motion should have been granted. We fully approve of the rule that pleadings should be liberally construed, with a view to promote substantial justice, but we are of opinion that the complaint in this case, fairly construed, sets forth a single cause of action upon the judgment and does not embrace a cause of action on the covenant.

The judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.