Filed Feb. 2, 1889.

---

No. 13,427.

## The Indiana, Bloomington and Western Railway Company *v.* Overton.

Railroad.—*Animals.—Complaint for Wilful Killing.—Evidence.*—For a complaint against a railroad company which is held to be sufficient as charging a wilful killing by the defendant of the plaintiff's cow, within the corporate limits of a city, and for evidence held not to be sufficient to sustain the complaint, see opinion.

Same.—*Pleading.—Theory.— Wilful and Negligent Injuries.*—Where the complaint seeks to recover for a wilful injury, the plaintiff can not, without other pleadings, shift his ground and recover upon the theory that the defendant was negligent.

From the Clinton Circuit Court.

*C. W. Fairbanks* and *W. R. Moore,* for appellant.

*M. E. Clodfelter, T. E. Ballard,* — *Adams* and *H. C. Sheridan,* for appellee.

Mitchell, J.—Overton sued the railroad company to recover damages for the alleged intentional killing of his cow at a highway crossing.

He charged in his complaint " that the defendant, for the purpose and with the intention of running its train of cars

over and upon said cow, wilfully, recklessly and carelessly" ran its train at a great and unusual rate of speed over and through the streets of the city of Crawfordsville, in violation of an ordinance of the city, and over and upon the plaintiff's cow, and thereby wantonly and wilfully killed the animal.

While there are some ambiguous averments in the complaint, it nevertheless charges that the servants of the railroad company recklessly committed some acts, and wilfully omitted others, with the purpose and intention of running the train of cars over and upon the plaintiff's cow. It is contended on the plaintiff's behalf here that the facts averred show that the animal was purposely and intentionally run upon, and that the facts stated make the complaint good upon that theory. We are constrained to adopt this view. *Gregory* v. *Cleveland, etc., R. R. Co.*, 112 Ind. 385, and cases cited.

The demurrer to the complaint was therefore properly overruled. The evidence fails completely, however, to sustain the complaint.

There is an entire absence of evidence tending to show either an actual or constructive intent on the part of any person connected with the management of the train to run upon or over the plaintiff's cow.

The engineer in charge of the engine testified that he did not see the cow upon the track until he was within about one hundred feet of the crossing, and that he had no intention whatever of running upon the animal. There is not a syllable of testimony, nor are there any circumstances, tending to contradict the engineer's evidence.

It does not appear that the train was being run at a dangerous or unusual rate of speed, nor was it shown that the crossing was of such a character as made it the duty of the engineer to be on the lookout for animals, or to take extraordinary precautions. *Dennis* v. *Louisville, etc., R. W. Co.*, 116 Ind. 42.

It is argued that the engineer was negligent in not discovering the cow and stopping his train or frightening the animal off the track, but it must be remembered that the complaint does not count upon a right of action based upon the company's negligence. A case like this must proceed upon one theory or the other. A party can not frame a single paragraph of complaint in such manner as to be entitled to recover either for an intentional or negligent injury, as the facts may appear. The plaintiff having elected to sue for an injury intentionally and wilfully committed, he must stand by that theory, and can not, without other pleadings, shift his ground and recover upon the theory that the defendant was negligent.

The judgment is reversed, with costs, with directions to the circuit court to sustain the appellant's motion for a new trial.

Filed Feb. 2, 1889; petition for a rehearing overruled March 30, 1889.