Overton v. The Indiana, Bloomington and Western Railway Company.

Filed May 15, 1891.

---

No. 190.

## Overton v. The Indiana, Bloomington and Western Railway Company.

RAILROAD.—*Killing Stock.*—*Wilful Injury.*—*Evidence.*—In an action against a railroad company for wilfully killing plaintiff's cow, a witness for plaintiff testified that the train came almost to a stop about a thousand feet from the crossing where the cow was standing; that she could be seen by one upon the engine for a half-mile; that the train started up and increased its speed to thirty miles an hour until it struck the cow, and then ran much slower; that the engineer was looking out of the cab in the direction of the crossing, but gave no signal, and made no attempt to frighten her from the track. The engineer testified that he did not see the cow in time to avoid striking her; that he tried to stop his engine, and that he did not intend to kill her.

*Held,* that it was error to withdraw the case from the jury, as it was for them to say whether the killing was wilful.

SAME.—*No Presumption that Animal will Leave Track.*—An engineer has no right to presume that a cow or other animal will leave the track as the engine approaches in time to avoid injury.

INSTRUCTION.—*Verdict.*—*When Court May Direct.*—Where there is an absolute failure of evidence upon a material point in a given case, it is within the power of the court to direct the verdict; but where the evidence is conflicting, or where it is of such a character that different

inferences may reasonably be drawn from it, the court has no right to withdraw it from the jury.

From the Clinton Circuit Court.

*M. E. Clodfelter* and *H. C. Sheridan*, for appellant.

*W. R. Moore*, *P. S. Kennedy* and *S. C. Kennedy*, for appellee.

CRUMPACKER, J.—This suit was brought by Overton against the railroad company to recover damages for wilfully and purposely killing a cow owned by him, at a public street crossing in the city· of Crawfordsville.

The case was commenced in the Montgomery Circuit Court and taken to the Clinton Circuit Court on change of venue, where it was tried by a jury, and, under the direction of the court, a verdict was returned for the company.

A motion for a new trial was filed and overruled, and appellant excepted.

The overruling of this motion is the only error assigned upon appeal, and the only question discussed by counsel relates to the alleged error of the court in directing a verdict for the appellee.

A former trial was had and resulted in a judgment for the plaintiff below, which was reversed in the Supreme Court because of the insufficiency of the evidence. *Indiana, etc., R. W. Co.* v. *Overton*, 117 Ind. 253.

It is insisted now that important evidence was introduced at the last trial which was not heard at the former, and that it was of such a character that the jury would have been warranted in finding a wilful killing of the cow by the servants of the appellee, and consequently it was error to withdraw the case from the jury.

But two witnesses testified to the manner and circumstances of the collision.

James M. Williams, a witness on behalf of the appellant, testified, in substance, that he was working upon a house near the railroad track, in plain view of the crossing, at the

time the animal was killed, and saw the engine strike her; that the engine was attached to a passenger train running westward, at about 9 o'clock A. M., and that the train halted and came very near to a stop about a thousand feet east of the crossing, and at this time the animal was standing upon the crossing and continued to stand there until she was knocked off by the engine; that the track was perfectly straight, and the condition of the atmosphere was such that the cow could be plainly seen by one upon the engine for at least a half-mile; that the train started up from the point where it had halted, and increased its speed from that time until the collision, at which time it was running at the rate of from twenty-eight to thirty miles an hour, and immediately after the collision the rate of speed was materially diminished; that the engineer was looking out of the cab in the direction of the crossing all of the time from the point where the train halted until it passed the crossing, but the whistle was not blown nor the stock alarm given, nor any effort made to frighten the animal from the track; that the force of the collision was so violent that it threw the cow a distance of forty-eight feet to the side of the railroad through a panel of fence, and that the crossing was in a populous place in the city of Crawfordsville, and upon a much travelled street.

An ordinance of the city was read in evidence, which made it unlawful for any locomotive engine or railway train to run at a higher rate of speed than four miles an hour within the corporate limits.

The engineer on the train that killed the animal testified on behalf of appellee, to the effect that he was on the lookout for a considerable distance before the train reached the crossing, and he first saw the cow slowly approaching the crossing about twelve feet from the track when the engine was about one hundred and fifty feet away, and it was about one hundred feet away when the cow reached the track, and was running at the rate of from twelve to fifteen miles an

hour, and it was impossible then to stop the train in time to avoid the collision; that he applied the brakes as soon as he saw the cow, but it was too late to do any good.

He also testified that he did not intend to kill or injure the animal.

Questions of fact are generally to be determined by the jury, but where there is an absolute failure of evidence upon a material point in a given case, it is within the power of the court to direct the verdict. But where the evidence is conflicting, or where it is of such a character that different inferences may reasonably be drawn from it, the court has no right to withdraw it from the jury. *Hall* v. *Durham*, 109 Ind. 434; *Wabash, etc., R. W. Co.* v. *Williamson*, 104 Ind. 154; *Adams* v. *Kennedy*, 90 Ind. 318; *Weis* v. *City of Madison*, 75 Ind. 241; *American Ins. Co.* v. *Butler*, 70 Ind. 1.

The question in this case is, would the jury have been justified under the evidence in finding a wilful killing of the animal? If so, the judgment must be reversed, otherwise it must be affirmed.

The action being predicated upon a wilful injury, facts simply tending to prove negligence can not be considered.

The engineer disclaimed any intention to kill or injure the animal, and there was no evidence of a contrary intention except what might be inferred from the circumstances connected with the affair. It was not necessary, however, in order to fix a liability in this case, to prove a positive actual intention to injure. If one recklessly injures the person or property of another under such circumstances as to evince an entire disregard of the consequences, an intention to inflict the injury will be supplied by construction of law, and he will be charged with responsibility as for a wilful injury, without regard to his *actual* intention. The law upon this subject was very satisfactorily announced in the exhaustive opinion of ELLIOTT, J., in the case of *Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250. See, also, *Chicago, etc., R. R. Co.* v. *Nash, ante,* p. 298.

In the case before us the question of the credibility of the witnesses was solely for the jury, and they might very properly have accredited the testimony of the witness Williams as against the testimony of the engineer, and found therefrom that when the train was a thousand feet from the crossing, and under perfect control, the engineer saw the cow upon the track, and from that point the speed of the train was continually increased until the collision, and then was materially diminished, and that no stock alarm was given, or any effort made whatever to frighten the animal from the track. This occurred in a populous part of the city, and in violation of an ordinance limiting the rate of speed of trains to four miles an hour. The engineer had no right to presume that the animal would leave the track as the engine approached, and thus avoid the injury, as might be expected of a rational being.

· In the case of *Dennis* v. *Louisville, etc., R. W. Co.*, 116 Ind. 42, the court said : " There can be no presumption that a horse or a cow will step from the track in time to avoid injury."

When this case was first tried the engineer was the only witness who testified to the manner and circumstances of the collision. It was said in the opinion on the former appeal : " The engineer in charge of the engine testified that he did not see the cow upon the track until he was within about one hundred feet of the crossing, and that he had no intention whatever of running upon the animal. There is not a syllable of testimony, nor are there any circumstances, tending to contradict the engineer's evidence." *Indiana, etc., R. W. Co.* v. *Overton, supra.*

Upon this state of the evidence the judgment was rightly reversed, but as the case comes to us there was evidence from which the jury might fairly have inferred a constructive intention to run down the animal, if not an actual intention so to do.

Our conclusion is that the trial court erred in instructing the jury to find for the appellee.

We have not been aided in the solution of the questions involved in the case by any brief or argument on behalf of the appellee.

The judgment is reversed, with costs, with instructions to the trial court to sustain the motion for a new trial.

