Astin v. Chicago, M. & St. P. R. Co. 143 Wis. 477.

Astin, Administrator, Appellant, vs. Chicago, Milwaukee & St. Paul Railway Company, Respondent.

*October 6—October 25, 1910.*

*Negligence: Degrees and definitions: Liability: Single act cannot be both ordinary and gross negligence: Pleading: Joinder of causes of action: Inconsistency: Election: Practice.*

1. The basic feature of the law of actionable negligence is as declared during the first year of this court's history and since steadily and firmly adhered to.
2. The basic feature above referred to is this: There are three degrees of negligence, viz.: *slight*—an absence of that degree of care and vigilance which persons of extraordinary prudence and foresight are accustomed to use; *ordinary*—failure to exercise on any given situation such care as the great mass of mankind ordinarily exercise under the same or similar circumstances; and *gross*—failure to exercise any care to avoid inflicting injury to the person or property of others; recklessly or wantonly acting or failing to act to avoid such injury, evincing such utter disregard of consequences as to suggest a willingness, substantially equivalent to intent, to injure, and denominated such, constructively, and classible with actual intent as regards duty to compensate for the injury.
3. The first degree is characterized by such slight inadvertence that in case of its being the fault of the injured, it does not militate against his recovering for his loss, and in case of its being the fault of the injurer the result is *damnum absque injuria.*
4. The second degree is characterized by inadvertence of the nature indicated in No. 2, and injuries proximately resulting to the person or property of another, and not proximately contributed to by that other's want of ordinary care, are actionable.
5. The third degree is not characterized by inadvertence, in the lexical sense, at all, but rather by absence of it; while in the first and second degrees it must be present and dominant.
6. There are no sub-degrees within the first and second mentioned. Want of ordinary care within the field of inadvertence is of no greater dignity if considerable than if little, so long as it is proximate, in a legal sense, to the injury.
7. The rule logically follows that an injury to a person, proximately caused by failure of another to exercise ordinary care for that person's safety, and proximately contributed to by such person's

want of ordinary care, however slight—is not actionable, comparative effects of such want of care not being recognized in our system.

8. In case of the personal or property rights of a person being physically injured by gross negligence of another, that other is liable to such person for the pecuniary loss resulting naturally and ordinarily therefrom, regardless of any want of ordinary care on the part of such person contributing thereto.

9. A cause of action sounding in ordinary negligence, is one thing, and a cause of action sounding in gross negligence is another. Both cannot characterize a single circumstance of a person being injured by another.

10. Such two causes of action, in form as characterizing a single circumstance of a person being injured by another, satisfy subd. 1, sec. 2647, Stats. (1898), in that they arise out of the same transaction, and satisfy subd. 3 of such section, in that they are both injuries to person or property.

11. The two causes of action are not inconsistent in the sense that the choice of one absolutely waives the other.

12. In circumstances rendering it difficult to determine which of such two causes of action is available, the doctrine of election does not apply, in this, the good-faith unsuccessful assertion of one does not necessarily prejudice asserting the other.

13. By necessary implication, causes satisfying the letter of subd. 1 or subd. 3, sec. 2647, Stats. (1898), must also have the element of consistency to the extent that the choice of one does not create a waiver of opportunity to turn to the other.

14. If a person grounds an action to recover for a personal injury on ordinary negligence alone, he cannot, without amending his pleading, recover on the ground of gross negligence.

15. If a person grounds an action to recover for a personal injury on gross negligence alone, he cannot, without amending his pleading, recover on the ground of ordinary negligence.

16. Gross negligence does not, to any extent, include ordinary negligence. So a charge in a complaint confusing the two, renders the pleading indefinite and uncertain and it should be construed, if practicable, as alleging either the one or the other and the trial restricted accordingly.

17. A verdict finding the defendant guilty of having failed to exercise ordinary care and of gross negligence, respecting a single circumstance of a personal injury to the plaintiff, is contradictory and will not support a judgment for the latter.

18. In general, the Code requires a plaintiff to take a stand on the cause of action upon which he expects to recover, but permits departure therefrom so far as impracticable to comply therewith.

Astin v. Chicago, M. & St. P. R. Co. 143 Wis. 477.

19. By the spirit of the Code, the plaintiff, supposing he has one or the other of two causes of action to remedy a single wrong, they not being inconsistent in the sense that the choice of one till shown to be efficient necessarily waives the other, may, acting in good faith, plead both in separate counts complying with sec. 2647, Stats. (1898), and recover on the one which the case made by the evidence entitles him to.

20. In case of a person who has been injured in his person or property by wrongful conduct of another, believing such other liable for the wrong, but is uncertain whether it was characterized by ordinary or by gross negligence,—he may seek to recover compensation on both aspects, stating each in a separate cause of action and insisting upon both up to such time as there cease to be reasonably conflicting inferences on the evidence as to which is the right one.

21. In case of a situation such as mentioned in the last foregoing, upon it appearing clearly what cause of action the plaintiff has, in fact, if any, the court should take the other from the jury or dismiss the action in respect thereto.

22. In case of there being the reasonably conflicting inferences mentioned in the last foregoing, on the whole evidence, the cause should be submitted to the jury with such definite instructions as to guard against a contradictory verdict being rendered.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

Action to recover compensation for damages alleged to have been caused to the surviving widow of plaintiff's intestate by the wrongful conduct of defendant's employees, causing his death.

The complaint states a cause of action based on the theory that ordinary negligence of defendant's servants was the proximate cause of the death of plaintiff's intestate, and a second cause of action grounded on the theory that gross negligence of such servants was such cause, in that they, in utter disregard of the personal safety of such intestate and conscious of his peril, caused a locomotive under their charge and control to collide with him at a public crossing of defendant's track, causing his death.

On motion in defendant's behalf plaintiff was ordered to elect between the two causes of action on which he would

rely.    Upon failure to comply therewith and on motion in defendant's behalf, the action was dismissed and judgment rendered accordingly.    Plaintiff appealed therefrom.

*Edward H. Ryan,* for the appellant.

For the respondent there was a brief by *Thos. S. Nolan,* attorney, and *C. H. Van Alstine,* of counsel, and oral argument by *Mr. Van Alstine.*

MARSHALL, J.   ·If a person, owing a duty to another respecting that other's personal safety, violates it, inflicting upon such other corporal injury, under such circumstances that it is difficult for him, by the aid of professional advice, to satisfactorily determine whether the violation was characterized by what is known as gross negligence, or by the milder type of wrong denominated ordinary negligence,—may such person have the wrong, whatever be its nature, redressed in a single action to recover for his injury, pleading in one cause of action liability on the ground of gross negligence and in a second on the ground of ordinary negligence?    That is the broad question raised by the appeal.

Solution of the stated question involves the letter of the written law and its spirit as well, and also our judicial code on the subject of actionable negligence.    That a person, who has suffered a personal injury by actionable fault, may be so circumstanced as not to be able to truthfully assert with certainty whether the act be of the higher or the lesser degree of actionable negligence, as the full scope of the term is understood here and in many other jurisdictions,—is most natural.    That he should not be obliged, regardless of circumstances,—to seek redress on one theory alone, his recoverable compensatory damages, whether claimed upon one theory or the other, being the same and dependable upon the same act, and if he fails, even upon the ground that proof of a degree of actionable wrong not alleged negatives the one alleged, the evidence of every physical fact being practically the

same in one case as in the other, leaving the particular degree only a matter of inference of fact, he must go out of court, commence over again, and submit the same evidence to another jury,—would seem to be the case; testing the matter from the standpoint of reason and common sense.

Our Code of written law respecting the joinder in one suit of two or more causes of action, possessed by one person against another, connected with a single subject of action, is very broad. Yet it has its limitations, pretty well defined in the letter of the statute and further defined by more than half a century of administration of it.

The limitations of the written law are not so free from ambiguity but that the court, progressively, has broadened the literal meaning rather than adhered strictly thereto, much less restricted it, "looking to the evils intended to be remedied, the object intended to be attained, the effects and consequences, the reason and spirit."

Many interferences with the speedy attainment of justice under the old system, growing out of arbitrary and technical rules, were intended to be substantially, if not entirely, superseded by the Code. Thereby the course, from initiation to finality, in the redress of wrongs, was intended to be as plain, as simple, as certain, as speedy, as complete, and as economical as practicable in the judgment of the wise men who framed it. Whether their broad concept of the result has been fully realized may admit of some doubt. If so, that the fault may well be attributed somewhat to that judicial inertia, as regards turning from a long established system, the creation of courts, which made such turning slow in some cases and only under coercion in others; could hardly be gainsaid. However, that this court is exceptionally free from any just criticism in that regard, and that opportunity therefor has been growing progressively remote, the history of our jurisprudence must bear unmistakable evidence.

Viewing the broad subject under discussion in the light of

the foregoing it would seem that a logical way must exist, permitted, if not commanded, by the Code,—when read in the attitude of liberality which conceived it,—for vindicating in a single action the right in such a situation as the one suggested, whether inferences from evidence shall finally locate the wrong, in case of one being established, within the field of ordinary or that of gross negligence.    If there be such way and be no interfering adjudications, and yet be no exact precedent to illustrate it, it should be adopted and a new precedent made, vindicating again judicial competency and willingness to efficiently face new situations in harmony with the manifest spirit of the written law.    If there be no such logical way, the responsibility is with the lawmaking power. The court cannot remedy it.    If one can be so found, looking at the Code from an original standpoint, and yet, for want of previous discovery, the Code has been for a long period otherwise construed, then the adverse adjudications must give us pause and probably lead us to adhere to established things, for it were better "to bear the ills we have" and let the legislature afford a remedy, than to judicially unsettle things, so long established that such a change would have the cast of exercise of legislative rather than of judicial authority.

Prefaced by the foregoing observations we will briefly refer to the essentials of our judicial code on the subject of actionable negligence so as to bring clearly into view the relations which the two aspects of actionable wrong bear to each other.

The basic feature of our system was established in the earlier days of the court, as indicated by the opinion of WHITON, C. J., in *Richards v. Sperry,* 2 Wis. 216.    The minor features were soon fully developed and there has been little or no change for over half a century other than by legislative interference in exceptional situations.    In the whole, it forms a plain, consistent, definite, just system, one easily to be understood by professional minds of ordinary training, and one readily applicable, when fairly explained by the trained judi-

cial mind, by the ordinary juries of the country to the various situations liable to arise calling therefor. By such definite system, resting on a broad, sensible foundation and rising harmoniously to the finality of minor details, enabling courts to be guided, in the main, by principles instead of mere precedents; justice is capable of being administered on the basis of law as a science instead of its drifting into confusion and taking on the cast of results of arbitration by courts. The system has been so long established that, paying due regard for the doctrine of *stare decisis,* as a binding limitation upon judicial changes of settled law, the court could not now materially disturb it without, in effect, encroaching upon a field reserved by the constitution for legislative activity.

The basic principle above referred to is that there are three degrees of negligence, viz.: slight, ordinary, and gross. The first is "an absence of that degree of care and vigilance which persons of extraordinary prudence and foresight are accustomed to use." It has the element of inadvertence, but damaging results for failure to abstain therefrom are *damnum absque injuria,* while the party injured, and so failing and thereby contributing in a remote degree to his injury, is not precluded by that alone from obtaining judicial redress.

In the second degree of negligence, as its name signifies, there is inadvertence, in that the guilty party in the particular situation, fails to exercise such care as the great mass of mankind ordinarily exercise under the same or similar circumstances. Injuries to personal or property rights of one, proximately caused by failure of another to exercise such degree of care as regards the safety of that one's rights, are actionable, he not being efficiently at fault, in being guilty of some want of ordinary care contributing to the injury.

The third degree of negligence is gross negligence, so called. It has for its name somewhat of a misnomer, in that the fault is not characterized by inadvertence, in the lexical sense, at all. As in the first and second degrees such element must be

present and dominant, in the third it must be absent. The wrong is characterized by an absence of any care on the part of a person having a duty to perform to avoid inflicting an injury to the personal or property rights of another, by recklessly or wantonly acting or failing to act to avoid doing such injury, evincing such an utter disregard of consequences as to suggest some degree of intent, to cause such injury. Various terms have been used.to characterize the mental state of the wrongdoer in such a case, as rashly, recklessly, wilfully, wantonly, and even intentionally. Early it was said that such state involves such disregard of consequences as to evince little short of actual intent, that the latter and the other conditions so run together, that no attempt in administration should be made to separate them as regards legal consequences of a compensatory nature.

So the court long since came to treat the third degree of wrong in all its phases as raising such a strong inference of malice as to be regardable as either actually or constructively intentional and to make no difference which, so far as relates to defenses and to recovery of compensatory damages.

The logical result of the foregoing major principle is, that there are no sub-degrees within the major degrees of negligence, known in our law. Want of ordinary care within the field of inadvertence, is of no greater dignity, if considerable than if little, so long as it is proximate, in a legal sense, to the injury.

Hence follows, logically, the idea that in case of an injury proximately caused by want of ordinary care on both sides, however slight such want of care may be on the part of the injured party, in the law, it is *damnum absque injuria*. In other words, the doctrine of comparative negligence has no place whatever in our system. *Randall v. Northwestern Tel. Co.* 54 Wis. 140, 11 N. W. 419; *Bolin v. C., St. P., M. & O. R. Co.* 108 Wis. 333, 84 N. W. 446; *Tesch v. Milwaukee E. R. & L. Co.* 108 Wis. 593, 84 N. W. 823.

From the last foregoing stated principle this other, established with it, logically resulted: In case of the personal or property rights of a person being injuriously violated, in the physical sense, by another, that other being guilty of gross negligence in causing such injury, he is responsible to at least make good to such person his pecuniary loss resulting from the wrong, notwithstanding such person may have proximately contributed to produce the damage by his own want of ordinary care. Here, as we see, there is no proximately concurring negligence, in the sense of inadvertence, that element being present in the wronged party's conduct, but absent in that of the wrongdoer.

It follows from the situation stated, that a cause of action sounding in ordinary negligence is one thing, and one sounding in gross negligence is another. Proof of the latter disproves the former. Pleading of the one by itself, in effect, pleads that the other does not exist. They are essentially different, yet the actual wrong and the actual injury, and the compensation equivalent in money, is the same, whether the cause of action be in the one or the other. That suggests that there can be but one recovery therefor, but one efficient cause of action in the ultimate. The difficulty, as before indicated, lies, in the main, in fair doubt on the part of the pleader as regards the proper inference to be drawn from evidentiary facts. Such facts may be entirely common to the two situations.

So we return to the opening inquiry, why in the name of the broad beneficent spirit of the Code cannot justice be rendered in a single action and upon a single trial according as the jury may reasonably draw the inference of fact? If it cannot, then perhaps the written law is infirm where the unwritten was not.

If we could view the situation under discussion as involving two causes of action in the ordinary sense, the Code provisions governing the matter are subd. 1 and subd. 3,

sec. 2647, Stats. (1898). The one permits joining two or more causes of action arising out of the same transaction, or transactions connected with the same subject of action. The other permits joining two or more causes of action for "injuries, with or without force, to person or property." Both are subject to the limitation that the causes must belong to one class, affect all the parties, not require different places of trial, and be stated separately. It is manifest without discussion that the two causes of action, so called, in the situation before us amply satisfy the letter of all those requirements. Do they satisfy the real meaning of the term "several causes of action" as used in the statute?

There is room, as an original matter, to hold that the statute contemplates the existence of causes of action, each to redress a wrong of some sort so far independent of the redress of any wrong involved in any other cause of action, that a recovery in one will not, necessarily, militate against a recovery at the same time in the other. Would not such a holding, leaving no room for exceptions, be construing the written law restrictively, contrary to the ordinary rule requiring remedial statutes to be liberally construed? If a restrictive, rather narrow construction were necessary to carry out a manifest intent, then it would be legitimate.

Is there the manifest intent above referred to further than to the extent of excluding from the scope of the statute the idea of joinability of two causes of action, satisfying the letter of either subdivision referred to, in a case where the assertion of the right to a remedy by one cause of action irrevocably waives the right to redress by any other; as a situation affording the wronged party opportunity to sue for damages on contract, on the theory of its continued existence, or rescind and sue to recover the consideration parted with on the contract, on the theory that it no longer exists? Does the spirit of the statute clearly extend to a situation where, instead of there being opportunity for a choice of remedies by irrevocably

surrendering others which are inconsistent therewith, there are two merely apparent remedies, though only one in fact, such two not being inconsistent in the very groundwork, but only in the mere assertion of the existence of a particular essential element in one, negativing existence of a particular essential element in the other, the two being claimed because of uncertainty as to which is proper? In that situation does the unsuccessful assertion of one preclude claiming the benefit of the other?

That the doctrine of election does not apply to a mere choice of a wrong remedy, is familiar. *Fuller-Warren Co. v. Harter,* 110 Wis. 80, 85 N. W. 698; *Clausen v. Head,* 110 Wis. 405, 410, 85 N. W. 1028. If the idea that the intent of the statute was to exclude joining causes of action upon that species of inconsistency, it is easy to see that it is inefficient to justly respond to the needs of such situations as the one under discussion and many others.

The inconsistency precluding the joining of causes of action, which we find, in general, treated in the books, is of such character that the doctrine of fatal election above indicated applies. For instance it is said in Maxwell on Code Pleading at page 345:

"If a vendor in his petition seeks to recover a judgment for the unpaid purchase money, and also to have the contract canceled because of the failure of the vendee to pay the amount due, the causes of action cannot be joined, because the action to recover the amount due is an affirmance of the contract."

Treating the same subject, it is said in Bliss on Code Pleading at sec. 122 (3d ed.): Causes of action to be joined must not be inconsistent in that "one cause of action, if valid, should not show the others to be bad." The illustrations, however, in the main, are in harmony with the quotation from Maxwell. The same is true of the treatment of the subject by all text-writers, supported by substantially all the illus-

trative authorities. Remarks by the way are found, here and there, in our decisions to the same effect when applied to like situations. *Pierce v. Carey,* 37 Wis. 232.

Our Code on the subject was adopted without material variance from New York. Before any change was made in New York causes were there not joinable, if inconsistency existed of such nature that an unqualified assertion of one operated as an estoppel to claim the other. It is evidently not to that class ANDREWS, J., referred in *Krower v. Reynolds,* 99 N. Y. 245, 1 N. E. 775, in saying:

"A plaintiff may join in his complaint different and even inconsistent causes of action, provided only that they all belong to one of the classes mentioned in sec. 484 of the Code."

The learned judge overlooked the material amendment to the section made in 1877. Nothing of the like is found in our Code. The amendment added to the language as to the necessity for causes to belong to a single class the words "that they are consistent with each other." The unqualified remark in the *Krower Case* is accounted for in 1 Nichols, New York Practice, 71, note 378, on the ground that the amendment of 1877 was overlooked. Since such amendment we find cases condemning the joining of two causes of action, regardless of whether the mere choice of one permanently precludes resorting to the other. *McClure v. Wilson,* 13 App. Div. 274, 43 N. Y. Supp. 209; *Perkins v. Slocum,* 82 Hun, 366, 31 N. Y. Supp. 474; *Barkley v. Williams,* 64 N. Y. Supp. 318, 30 Misc. 687.

In the last case cited the pleader joined a cause of action for inadvertent misconduct with one for wilful misconduct growing out of the same transaction. Under the former plaintiff was entitled to actual damages, only, while under the latter he was entitled, by force of a statute, to treble damages. This case fits pretty squarely the subject under discussion, independently of the change in the New York Code and the fact that one of the causes of action was treated as on contract

and the other as sounding in tort, while in the situation to be solved here both causes of action are of a tortious character. It is plain that the New York court, independently of other reasons, held the two causes not joinable because of the express statutory requirement for consistency. Absence of any such express requirement from our Code gives rise to a strong inference that mere inconsistency in stating causes of the same class to redress a simple injury, the assertion of neither, in case of its not being the right one, necessarily precluding resort to the other, the two in conjunction only contemplating a single satisfaction and to the same degree, as regards compensable loss, does not militate against the statute being given effect in its letter.

The inference above suggested is quite efficiently emphasized by the early case of *Whitney v. C. & N. W. R. Co.* 27 Wis. 327, and the recent case of *Schultz v. Kosbab,* 125 Wis. 157, 103 N. W. 237. In each there were two or more causes of action contemplating only a single satisfaction for a single wrong, it being evident that the pleader stated his case in the double aspect because of not knowing, satisfactorily, upon what precise theory the evidence might entitle him to redress.

In both cases it was claimed that the causes of action were not joinable, because inconsistent with each other. In the first error was assigned because plaintiff was not required to choose one of the theories presented and abandon the rest. This court said, in effect: It might be difficult to tell in advance precisely upon what theory of the situation the loss claimed was recoverable. Of course, plaintiff was entitled to recover on whichever of the two theories of right thereto, the evidence might warrant. In general, the Code requires a plaintiff to take a stand upon the cause of action he expects to recover on. But it is not always possible for a party to determine the exact ground of liability. In such circumstances, the defendant not being prejudiced for want of information regarding the injury to be redressed, there is no substan-

tial reason why two apparent theories cannot, plaintiff acting in good faith, be joined up to such time as all reasonable uncertainty disappears as to which theory or cause of action is the correct one.   A complainant should not be precluded from presenting both of the somewhat inconsistent causes for adjudication so long as he has reasonable ground for not waiving either.

Obviously those remarks can only apply to two causes of action belonging to the same class, where the claim under one does not necessarily waive, permanently, all right under the other; the situation where there are two remedies in fact, not merely two claimed remedies, the unsuccessful pursuit of one not being prejudicial to resorting to the other.   *Fuller-Warren Co. v. Harter,* 110 Wis. 80, 85 N. W. 698, supports this.

Doubtless the learned trial court concluded that the logic of our judicial code, making a cause of action for recovery on the ground of gross negligence substantially different from one to recover on the ground of ordinary negligence (want of ordinary care), requires the complainant to take a stand upon one theory or the other.   Whether it was thought a plaintiff shall be compelled to abandon one of his causes of action permanently, or for the purposes of the case, and only finally, in case of a recovery on the other, is not clear.

There is no precedent in our decisions to precisely fit the situation here, while there are several decisions, as we shall see, that might fairly have led the learned judge to conclude as he did.   The difficulties of the situation were such, that the reasoning in this opinion and the conclusion reached are not pregnant with any reflection upon the administration in the court below.

In *McClellan v. Chippewa Valley E. R. Co.* 110 Wis. 326, 85 N. W. 1018, in harmony with the established principles of negligence law before mentioned, it was decided that there is such a definite distinction between a cause of action grounded on want of ordinary care and one grounded on the

degree of wrong called gross negligence, that evidence tend-
ing to prove the latter is not admissible under a complaint
charging only the former, because, said the court, "the de-
fendant is entitled to know what the cause of action is upon
which the plaintiff relies." It was not intended thereby to
declare that it is incumbent on the plaintiff to make a binding
choice of remedies for his injury where he cannot safely do so,
and the defendant would not be prejudiced by a failure in
that regard. Of course, a defendant might be prejudiced by
plaintiff presenting one cause of action, as if he relied on that
alone, and then being allowed to recover on another.

In *Wilson v. Chippewa Valley E. R. Co.* 120 Wis. 636, 98
N. W. 536, the court, consistently with the foregoing, held
that if a plaintiff seeks to recover on a complaint charging
gross negligence alone, he cannot recover on the ground of
failure of defendant to exercise ordinary care.

In *Turtenwald v. Wis. Lakes I. & C. Co.* 121 Wis. 65, 98
N. W. 948, the pleader, in the charging clause of his com-
plaint, used language appropriate to guilt of the defendant of
failure to use ordinary care and guilt of gross negligence as
well. There was a nonsuit. The court treated the complaint
as open to a motion for indefiniteness in that the two causes
of action were so confused as not to convey any clear idea of
the nature of plaintiff's claim. Viewing the pleading as if
the intent of the pleader was to charge gross negligence, the
nonsuit complained of was held sustainable upon two grounds,
one being that there was no evidence of that degree of wrong.
Viewing the pleading as if the pleader intended to charge
ordinary negligence only, it was held that the nonsuit was
improperly granted as there was evidence tending to establish
actionable wrong of that character. It being manifest from
the record that the parties and the court on the trial treated
the pleading as charging want of ordinary care, and that it
would reasonably bear that construction, the indefiniteness
was thought to have been eliminated by practical construction,

so the judgment was reversed for error in granting the non-suit, there being some evidence tending to establish the cause of action so read out of the complaint.

In *Rideout v. Winnebago T. Co.* 123 Wis. 297, 101 N. W. 672, the same subject came up in a little different way. The complaint charged the two degrees of wrong, confusing them together. On the trial it was claimed on behalf of plaintiff, the intention was to charge gross negligence only. Evidence was introduced which might tend to support such charge or the milder degree of wrong. The court refused to adopt plaintiff's view of his pleading and submitted the case to the jury in both aspects, resulting in a verdict in favor of plaintiff on both. On appeal it was held bad for inconsistency; that there was, in effect, a finding that defendant was and that it was not guilty of each of the charges of misconduct. The cause was reversed and remanded for a new trial on the charge of gross negligence as the only one contained in the complaint. *Haverlund v. C., St. P., M. & O. R. Co., ante,* p. 415, took the same course.

Thus it will be seen, as follows: 1st. If a cause of action for gross negligence only be pleaded the plaintiff cannot properly recover on the ground of failure of defendant to exercise ordinary care, because the two aspects involve two causes of action so essentially different from each other that if one results in a particular actionable injury the other cannot. 2d. For the same reason if a person alleges against another only failure to exercise ordinary care proximately causing an actionable injury, he cannot properly recover on the ground of gross negligence. 3d. For the same reason if a person alleges against another both forms of misconduct, confusing them together, as if one includes the other and characterizes the same act, and the case is dismissed on the merits for want of evidence to warrant a recovery when there is, in fact, evidence to warrant a recovery on one of the grounds of actionable wrong, and the complaint will admit, reasonably, of a

construction charging such wrong, there should be a new trial upon such charge alone.    4th. In case of a charge in the manner aforesaid, the complaint indicating that the pleader did not intend to present but one cause of action, the pleading is open to a motion to make more definite and certain, or to a motion that plaintiff be required to elect upon which phase of actionable wrong he proposes to stand, and, if the court treats the case as if both phases of actionable wrong can characterize the same act, submitting the cause on such theory, resulting in a verdict condemning defendant accordingly, the verdict will not support a judgment because the finding in plaintiff's favor on one charge, by necessary implication, finds in defendant's favor on the other.

.We perceive no reason for departing from anything decided in the cases referred to.    They do not militate against both causes of actionable wrong being stated in the same complaint, if stated separately, substantially eliminating indefiniteness as to plaintiff's position by indicating, clearly, that he does not know precisely the phase of actionable wrong the evidence and inferences therefrom will disclose and that, therefore, he proposes to challenge defendant on both and recover on the one actually possessed, but not on the other.    It follows from the fact that the two causes of action belong to the same class, satisfy in all respects the letter of the statute respecting the joinder of causes of action, and are not inconsistent in that claiming the benefit of one necessarily waives the other. They are only inconsistent in that though one, for precautionary purposes, claim the benefit of both, he can have, in the ultimate, the benefit of but one and not that one except upon a verdict definitely and consistently finding the facts.

The foregoing answers the propositions stated for decision in the opening lines of this opinion.    It vindicates the letter and likewise the spirit, before referred to, of the Code.    It regards every phase of our judicial code of negligence law, as the same, without material change, has stood the test of more

than half a century of administration, and vindicates and harmonizes all the holdings of the court relating to the subject under discussion, leading logically to a decision in this case that the trial court erred in requiring plaintiff to stand upon one of his definitely stated causes of action, abandoning the other, and erred in dismissing the case for noncompliance with such requirement.

There need be no difficulty in administering the law as here declared. There is no striking novelty in the matter. The written and the unwritten law and natural justice as regards both parties to such a controversy permit the settlement of such, as to the liability for one wrong in one action. If it were true that a plaintiff, not knowing precisely the cause of actionable personal injury he will be able to establish to the satisfaction of a jury, though convinced that he will be able to establish one, must permanently abandon one in order to pursue an action on either, or even abandon one pending a final adjudication upon the other, rendering two actions and two trials possibly necessary to a final determination of the matter, there would exist a most grievous infirmity in our system of administering justice. An infirmity which the fathers of the Code evidently intended should not exist. An infirmity which the court should not engraft upon it, nor read out of it by construction, if that can be reasonably avoided.

Doubtless in submitting a case to the jury on such a pleading as we have here, there being evidence giving rise to conflicting reasonable inferences as to only one of the causes of action, the other should be taken from the jury, and there being evidence giving rise to such inferences as to whether the wrong, if perpetrated, happened through unavoidable inadvertence, or through intent, constructive or actual, the court should submit the cause with such clear statement of the law as to guard against the jury rendering a contradictory verdict.

If the practice in foreign jurisdictions under a Code and

judicial system like ours were found not to be in strict harmony with the conclusion we have reached, it would not lead to a different result. The practice is largely of judicial creation, even where based on written law. So, differences, more or less significant, are liable to grow up from the varying attitudes of courts in the construction of statutes, and in respect to what is expedient where that field of activity is open to them, as it is in great measure on matters of mere procedure. The authorities elsewhere under a system similar to ours, so far as they touch the subject definitely, are in harmony with our conclusion. We will only refer to the following few of them: *Indiana, B. & W. R. Co. v. Burdge,* 94 Ind. 46; *Pennsylvania Co. v. Smith,* 98 Ind. 42; *Indiana, B. & W. R. Co. v. Overton,* 117 Ind. 253, 20 N. E. 147; *Cleveland, C., C. & St. L. R. Co. v. Miller,* 149 Ind. 490, 509, 49 N. E. 445; *Highland Ave. & B. R. Co. v. Winn,* 93 Ala. 306, 9 South. 509; *Kansas City, M. & B. R. Co. v. Crocker,* 95 Ala. 412, 433, 11 South. 262; *Louisville & N. R. Co. v. Hurt,* 101 Ala. 34, 13 South. 130; *Louisville & N. R. Co. v. Markee,* 103 Ala. 160, 171, 15 South. 511; Shearman & Redf. Neg. (5th ed.) § 7.

In *Indiana, B. & W. R. Co. v. Overton, supra,* the court stated the matter thus:

"A party cannot frame *a single paragraph* of complaint in such manner as to be entitled to recover either for an intentional or negligent injury, as the facts may appear. The plaintiff having elected to sue for an injury intentionally and wilfully committed, he must stand by that theory, and cannot, without other pleadings, shift his ground and recover upon the theory that the defendant was negligent."

In *Louisville & N. R. Co. v. Markee, supra,* the court met the question more definitely, thus:

"A declaration or complaint may in one count aver simple negligence, in another wilful and intentional wrong, and proper issues may be made up under the pleas to each count;

or, if the complaint charged either the one or the other, and the proof was such as to require an amendment of the pleadings by adding a new count, this should be allowed, and a plea to the complaint as amended filed.    Justice might require a continuance under some circumstances, but the question of a continuance, to prevent injustice or undue advantage, would depend greatly upon the circumstances of each case."

The subject is treated at some length in Pom. Code Rem. (4th ed.) § 467, *Whitney v. C. & N. W. R. Co.* 27 Wis. 327, being cited as the leading authority, followed by many others. The general idea is that where there is but a single demand the plaintiff may, acting reasonably, join in his complaint two counts for the purpose of redressing the matter, stating each count in the form of a distinct cause of action and so that they differ from each other so far as necessary to meet the two aspects of the situation from the plaintiff's viewpoint.

We do not overlook the fact that it is given in Shearman & Redfield on Negligence that where the facts of a case like this are of doubtful construction and plaintiff by not understanding his case has predicated it on the wrong theory of actionable misconduct he may amend and stand on the right one, keeping in mind that the final choice will necessarily be binding so as to waive any other cause of action.    If the writer intended by that to say that the party, when the facts of his case are susceptible of a double construction, cannot, under any circumstances, have it submitted to the jury to draw the proper inference, he confuses the matter with those situations where the doctrine of election, strictly so called, applies, and the courts cited do not bear out the text, as has been seen.

*By the Court.*—The judgment is reversed, and the cause remanded for further proceedings according to law.

Timlin, J.    I concur in the result reached in this case.