(89 Misc. Rep. 123)

SPITZER et al. v. GREENES et al.

(City Court of New York, Trial Term. January 30, 1915.)

1. COURTS ⊂⊃187—NEW YORK CITY COURT—INFERIOR JURISDICTION.

Under Const. art. 6, § 18, authorizing the creation of inferior local courts by the Legislature, but providing that no court thereafter created shall be a court of record, the New York City Court, which is a successor of the Marine Court, and which is a court of record, but whose jurisdiction is limited by Code Civ. Proc. §§ 315, 316, to a money demand for $2,000, exclusive of interest and costs, is a court of inferior jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⊂⊃187.]

2. COURTS ⊂⊃188—NEW YORK CITY COURT—JURISDICTION—FOREIGN JUDGMENT.

Under Code Civ. Proc. § 532, providing that, in pleading a judgment or other determination of a court of special jurisdiction, it is not necessary to state facts conferring jurisdiction, but the judgment or determination may be stated to have been duly given or made, which section has been construed to apply to pleading a foreign as well as a domestic judgment, the New York City Court, though a court of inferior jurisdiction, has jurisdiction over an action on a judgment within its jurisdictional limits, which was rendered by a foreign court of general jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. ⊂⊃188.]

Action by David Spitzer and another against Harry Greenes and another. On motion by defendant for a new trial after verdict directed for plaintiff. Motion denied.

Louis Sachs, of New York City, for plaintiffs.
Nathan Schwartz, of New York City, for defendants.

FINELITE, J. This is an action brought by the plaintiffs against the defendants to recover the sum of $538.02, with interest thereon from the 14th day of April, 1913. On the trial hereof, and at the close of the entire case, the respective parties having moved for the

direction of a verdict, the court directed a verdict in favor of the plaintiffs for the amount claimed.  Thereupon the defendants moved to set aside the verdict on all the grounds specified in section 999 of the Code, and also upon the same grounds moved for a new trial.  The court entertained the defendants' motions.

It appears from the facts herein that heretofore, and prior to the 14th day of April, 1913, the plaintiffs herein duly commenced an action in the Supreme Court, state of New Jersey, "at a stated circuit thereof, held in and for the county of Middlesex," in said state, which said court is a court of general jurisdiction duly created by the laws of said state, against the defendants herein by process of subpœna duly issued in said action, which was duly served on the defendants in said state, and that the defendant Greenes duly appeared in said action by attorney, and such proceedings were thereupon duly had in said action that on or about the 14th day of April, 1914, the plaintiffs herein recovered a verdict which was duly given by said court against the defendants herein for the sum of $538.02.  Further, that by the law of said state the interest upon a judgment runs at the rate of 6 per cent. per annum.

[1] The plaintiffs on the trial hereof offered in evidence the judgment as entered in the clerk's office of the Supreme Court of the state of New Jersey, and also offered in evidence an exemplified record of the judgment obtained in said court against said defendants; defendants contending upon this motion that this court is without jurisdiction of the action on a judgment rendered in a court of general jurisdiction, and asserting that this court, being an inferior local court created under article 6, section 18, of the Constitution, is an inferior court of civil jurisdiction, and not a court of concurrent jurisdiction with the Supreme Court.  This contention of the defendants is in conformity with the cases of Matter of Trounstine v. Britt, 212 N. Y. 421, 106 N. E. 129, and Lewkowitcz v. Queen Aeroplane Co., 207 N. Y. 290, 100 N. E. 796, affirming the same case in 154 App. Div. 142, 148, 138 N. Y. Supp. 983, 987.  In said last case Clarke, J., writing for the Appellate Division, in reviewing the history of this court, and quoting Hutkoff v. Demorest, 103 N. Y. 377, 8 N. E. 899, 10 N. E. 535, as cited by Judge Rapallo in the Hutkoff Case, supra, says:

"The Marine Court of the City of New York was a court of great importance, of ancient origin, and transacting a very large amount of business."

Tracing its history:

"It is the successor of the Justice's Court in and for the City and County of New York.  It was established in 1807 with jurisdiction involving amounts from $25 to $50, and in marine cases between master and mariner.  Laws of 1807, c. 139.  By chapter 71, Laws of 1819, the court was reorganized and its name changed to the Marine Court of the City of New York.  Its jurisdiction in amount was gradually increased by chapter 389 of the Laws of 1852 to $250, by chapter 617 of the Laws of 1853 to $500, and further enlargements of its jurisdiction were afterwards made.  By chapter 26 of the Laws of 1883 its name was changed to the City Court of New York."

At the time of the last constitutional convention, held in 1894, its jurisdiction was defined in section 315 of the Code of Civil Procedure, as limited by section 316 thereof:

"The jurisdiction conferred by the last section is subject to the following limitations and regulations: In an action wherein the complaint demands judgment for a sum of money only, the sum, for which judgment is rendered in favor of the plaintiff, cannot exceed $2,000, exclusive of interest, and costs as taxed. * * *"

It became a court of record by chapter 629, Laws of 1872. By section 315 of the Code of Civil Procedure the jurisdiction of this court extends to the following cases:

"(1) An action" against a natural person * * * "wherein the complaint demands judgment for a sum of money only. * * *"

[2] The question arises, this court being one of inferior jurisdiction, can it entertain an action on a judgment of a court of general jurisdiction, whether of this state or a sister state? Section 532 of the Code of Civil Procedure, which is made applicable to this court, reads as follows:

"In pleading a judgment or other determination of a court or officer of special jurisdiction it is not necessary to state facts conferring jurisdiction, but the judgment or determination may be stated to have been duly given or made. If that allegation is controverted the party pleading must on the trial establish the facts conferring jurisdiction."

This section is made applicable to this court under the general rules of pleading. Therefore we come to the question of where a judgment is obtained in a sister state in courts of record has this court jurisdiction in an action upon said judgment? This was provided for by section 161 of the old Code (which is now section 532, Code Civ. Proc.). It has been held in the case of Halstead v. Black, 17 Abb. Prac. 227:

"In pleading the judgment of a court of record of a sister state, the provisions of section 161 of the Code of Procedure applies; and it is sufficient to allege that the judgment was duly recovered, without stating facts conferring jurisdiction."

In this case an action was instituted on a judgment rendered in the common pleas of Northampton county, Pa., a court of record, the complaint, instead of averring jurisdiction in the Pennsylvania court, followed the language of section 161 of the Code. The defendant demurred on the ground that section 161 did not apply to foreign judgments. The demurrer was overruled, and James, J., said:

"The demurrer presents the single question whether in pleading the judgment of a court of record of a sister state the provisions of section 161 of the Code applies. A decision upon this precise point is nowhere reported to my knowledge."

Judge Allen, in Hollister v. Hollister, 10 How. Prac. 532, said:

"It appears to be conceded that section 161 of the Code does not apply to foreign judgments."

And from that he inferred that a "general averment of jurisdiction would not be sufficient." Barnes v. Harris, 3 Barb. 603. But that case hardly sustains the learned judge in his assertion. Ayres v. Covill, 18 Barb. 260, also is sometimes cited as an authority to the point here under consideration, but has no bearing thereon. I can see no good reason why the same rules should not prevail in pleading the judgment of a court of record of a sister state as in pleading the judgments of

such of our own state. Judgments of the courts of the several states have the like effect in all the states where rendered, and when pleaded in an action the same rules should govern as in pleading our own judgments.

In Rice v. Coutant, 38 App. Div. 543, 56 N. Y. Supp. 351, the plaintiff commenced an action against the defendant on a judgment rendered in the superior court of Cook county, and alleged that the superior court of Cook county, Ill., was a court of general jurisdiction. The defendant attempted to attack the same on a general denial, and the Trial Term held with the plaintiff. The defendant appealed, but the judgment of the court below was affirmed. Krower v. Reynolds, 99 N. Y. 245, 1 N. E. 775, was an action brought by the plaintiff on a judgment obtained in the state of New Jersey, and alleged that the Court of Chancery of New Jersey was a court of general jurisdiction, etc. It was held that the complaint alleged a cause of action, and upon appeal was reversed, but not upon this point, but upon the question of whether or not the complaint stated two causes of action.

At page 410 in Abb. Forms of Pleadings we find this note:

"Where the court rendering the judgment is one of general jurisdiction the facts showing jurisdiction need not be alleged."

This was the rule at common law, and has not been changed in the Code, and the better opinion is that the rule applies to judgments of such courts of sister states. Id. §§ 277–278; 2 Chitt. Pleadings, p. 414. Therefore, in construing section 532 of the Code of Civil Procedure, which is made applicable to this court, although a court of inferior jurisdiction but still a court of record, it has jurisdiction to allow a recovery to be had upon a judgment of a sister state.

The motion for a new trial must therefore be denied. Settle order on one day's notice.