HARTFORD FIRE INSURANCE COMPANY, Respondent, vs. SZEWCZYKOWSKI, Appellant.

*January 10—February 7, 1928.*

*Appeal: Gross negligence: Failure of court to submit issue as to ordinary negligence: Harmless error.*

Where the court submitted to the jury the issue of gross negligence only, defendant cannot complain because the question of ordinary negligence was not submitted also, in that he was not prejudiced thereby, since he could have been liable on either count, but not on both, and he was clearly guilty of ordinary negligence as a matter of law, if not of gross negligence.

APPEAL from a judgment of the circuit court for Milwaukee county: CHESTER A. FOWLER, Judge. *Affirmed.*

Action for damage to automobile. This is an appeal from a judgment in favor of the plaintiff and against the defendant. The judgment was entered upon the verdict of a jury finding the defendant guilty of gross negligence, and assessing the damages. The complaint as amended contains two counts against the defendant, the first charging ordinary negligence, and the second charging gross negligence. The court submitted to the jury the question of gross negligence only.

The appellant assigns as errors: that the court erred in refusing to submit to the jury the issue of ordinary negligence, and the court erred in sustaining the verdict.

For the appellant there was a brief by *Rubin, Zabel & Rouiller,* and oral argument by *F. Carney Nelligan,* all of Milwaukee.

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham,* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham.*

CROWNHART, J.   The evidence clearly presented a jury question as to gross negligence, and we deem it unnecessary to discuss that question.

No timely request was made by the defendant for a special verdict or for questions to be submitted to the jury.   The defendant's principal objection on this appeal is that the court did not submit to the jury the question of ordinary negligence.   While it would have been entirely proper for the court to have submitted both questions, the defendant cannot complain because he was not prejudiced by the failure to submit the question of ordinary negligence.   He would have been liable if the jury had found for the plaintiff on either count, but he could not be held for both gross and ordinary negligence.   *Astin v. C., M. & St. P. R. Co.* 143 Wis. 477, 128 N. W. 265.

The defendant was clearly guilty of ordinary negligence as a matter of law, if he was not guilty of gross negligence. Although the court did not give any reason for failure to submit the question of ordinary negligence, we must presume from the facts of the case that the court had in mind, if the jury found defendant free from gross negligence, the court would enter judgment for plaintiff on the ground of ordinary negligence as a matter of law.

In any view of the case the defendant was not prejudiced by the failure of the court to submit the question of ordinary negligence.

*By the Court.*—The judgment of the circuit court is affirmed.